### John Robinson v. The State.

#### No. 1250. Decided June 14, 1911.

#### Rehearing denied October 11, 1911.

**1.—Swindling—Indictment—Deed of Trust—Trustee.**

Where, upon trial of swindling, the objection was that the indictment showed that by the deed of trust the money was paid by the trustee to the defendant and not by the beneficiary, there was no error to overrule the motion to quash, the instrument reciting that it was executed to secure a note due and payable to the beneficiary.

**2.—Same—Evidence—Variance.**

Where the mortgage was set out in the indictment in haec verba, there was no error in admitting it in evidence on a trial of swindling.

**3.—Same—Evidence—Trustee—Beneficiary.**

Upon trial of swindling, there was no error to permit the beneficiary named in the deed of trust set out in the indictment to testify that he was induced to loan defendant the money on the latter's representation that he was the owner of the property described in the deed of trust; and this, although the deed of trust was made to a trustee for the beneficiary.

**4.—Same—Evidence—Variance.**

Upon trial of swindling there was no error in admitting testimony that the beneficiary in the alleged deed of trust, at the request of the defendant, paid so

much to the bank in discharge of the defendant's indebtedness, and the remainder to defendant.

**5.—Same—Evidence—Money—Books—Checks.**

Upon trial of swindling, there was no error in permitting the party injured to testify that he had money in the bank upon which he gave defendant checks; without introducing the books of the bank.

**6.—Same—Conduct of District Attorney.**

Where defendant objected to testimony which was admissible, there was no error to permit the district attorney to state and give his reasons why he thought the same was admissible.

**7.—Same—Evidence—Settlement.**

Upon trial of swindling, there was no error in refusing to admit testimony as to a settlement between the defendant and the party injured, after the offense had been committed; besides, it appears from the record that such testimony was admitted.

**8.—Same—Variance—Money—Checks.**

Where the indictment alleged, in a prosecution for swindling, that the defendant obtained money on false representation, describing it as current money of the United States of America, there was no variance where the proof showed that the defendant received checks for the money and obtained same thereon.

Appeal from the District Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of swindling; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Chas. G. Harty,* for appellant.—On question of insufficiency of indictment: Hardin v. State, 7 S. W. Rep., 534; State v. Levi, 41 Texas, 563; Warrington v. State, 1 Texas Crim. App., 168; Heirsch v. State, id., 393.

Upon question of variance between proof and allegation: Lewis v. State, 28 Texas Crim. App., 140; Block v. State, 44 Texas, 620; Childers v. State, 16 Texas Crim. App., 524.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged by indictment with swindling, and upon a trial he was convicted and his punishment assessed at three years confinement in the State penitentiary.

It appears that appellant was indebted to the First National Bank of Georgetown and was unable to pay the note. That he went to Mr. F. D. Love and explained to him the circumstances, and that he was the owner of certain stock, and desired to borrow from him the sum of $425, a part of which to be used in paying the bank, and the remainder to be paid to appellant to be used by him as he explained to Mr. Love. The bank had a mortgage on certain property of appellant, and Love went with appellant to the bank, and upon investigation agreed to let appellant have the money. A note for $425 was drawn

up and signed by appellant payable to Love, and in addition thereto he gave a mortgage on certain personal property named in the mortgage. In drawing the mortgage, a deed of trust form was used and F. W. Carothers, an officer of the bank, was named as trustee, and the declarations incident to a deed of trust were used, reciting "that for and in consideration of a certain sum paid by Carothers, trustee, he had bargained, sold," etc., certain property to secure the payment of a note due F. D. Love. This recitation we deem necessary to render clear our holding on the various questions urged in the motion for a new trial.

1. In the first place, a motion is made to quash the indictment on the ground that the deed of trust or mortgage recites that the money was paid by Carothers, trustee, and not by Love. The instrument recites it is executed to secure a note due and payable to F. D. Love, the allegations of the indictment being that the money was obtained from F. D. Love by means of a false statement that defendant was the owner of certain personal property, naming it, and by giving a lien thereon he agreed to secure the payment of said sum so obtained. That said statements were false, and knowingly and fraudulently made for the purpose of obtaining the money. There was no error in refusing to quash the indictment on the grounds named in the motion, and the allegations are sufficient to charge the offense of swindling.

2. The first bill of exceptions complains of the action of the court in admitting in evidence the mortgage executed by defendant, on the ground that the mortgage did not purport to be executed to F. D. Love, but is at variance with the mortgage alleged in said indictment, in that the indictment alleges the execution of a mortgage to F. D. Love. The mortgage is set out *in haec verba* in the indictment, and the instrument offered in evidence is an exact copy of it; and it is recited that it was executed to secure a note due F. D. Love. There is no variance, and the court did not err in admitting it in evidence.

3. In the second bill of exceptions defendant complains that F. D. Love was permitted to testify that, upon the representation of defendant that he was the owner of the property described in the mortgage, and he could give a valid lien thereon, he was induced to loan and deliver to defendant the money, the ground of the objection being that such testimony was (1) irrelevant and immaterial; (2) there was no allegation in the indictment upon which to predicate the testimony, and (3) if there is any such allegation, it was insufficient to admit the testimony. Defendant's counsel seems to have proceeded on the theory that, to give a deed of trust or mortgage on property to secure the payment of a note to a given person, if given to a trustee, naming him, to secure the payment of the note, is not a mortgage in favor of the payee in the note. This is not the law as we understand it, but the mortgage or deed of trust is in law given to the person who is shown by the instrument to have the beneficial interest therein.

4. In his third bill of exceptions defendant complains that of the

$425 that defendant arranged to borrow from Mr. Love, on the representation that he was the owner of certain stock, Mr. Love was permitted to testify that, at request of defendant, he paid so much to the First National Bank of Georgetown in payment of a debt due by defendant to the bank, and that the remainder was paid to the defendant. In this there was no error.

5. In his next bill of exceptions defendant complains that Mr. Love was permitted to testify that he had money in the bank on which he gave checks, because the books of the bank are the best evidence. A person knows as a fact whether he has placed money in a bank, and it is not error to permit him to so testify. An officer of the bank had testified that Mr. Love had money to his credit at the bank, without objection, and had deposited the same in the bank.

6. When the defendant made the objection to the statement of Mr. Love that he had money in the bank, the district attorney stated as a reason why the witness should be permitted to testify: "I want to show that Mr. Love had money in the bank, and the indictment alleges that, by virtue of the pretenses and false representations, he was induced to part with that money. If he sat down in his office and gave the defendant an order on the bank to get the money that he (Love) had in the bank, we think it admissible, especially when Love gets his book he finds that the money is gone." When defendant objected to this testimony, which was admissible, we do not think any error was committed when the district attorney was permitted to state and give his reasons why he thought the testimony admissible.

7. In two other bills defendant complains that a witness for defendant, Will Miller, and defendant were not permitted to testify as to the terms of a contract between defendant and Love in which defendant claims he paid Love the amount by deeding him certain lands. The charge of swindling was based on the allegation that defendant had represented that he was the owner of certain cattle and horses, which he did not own, and obtained the money by means of such false representations. If the proof developed that defendant had made said representations, knowing they were false, and thereby obtained the money, the offense was committed. And if he, when charged by Mr. Love with the offense, had given to Mr. Love property to pay the debt in order to prevent a prosecution, this would not wipe out the crime committed. However, in qualifying this bill, the court says: "On redirect examination the defendant was permitted to testify and did testify fully and explicitly as to his alleged settlement with Mr. Love, and his alleged cancellation of his indebtedness, and defendant accepts and files the bill with this qualification. This presents no error, and we will say that the statement of facts shows that defendant was so permitted to testify.

8. This disposes of all the bills of exception in the case, and in the motion for a new trial the only other ground presented is that the evidence, showing that Mr. Love gave to defendant checks on the bank

where he had money on deposit, when the indictment alleged that he, by means of the false representations, obtained money—current money of the United States of America—there was a variance in the proof and the allegations, and the court should have instructed the jury to acquit the defendant.

Article 945 of the Penal Code, defining swindling, provides: "Within the meaning of 'money,' as used in this chapter, are included also bank bills and other circulating medium current as money."

So it is immaterial as to what character of currency or money he received on the check, as there is no question but what the article received from the bank on the check circulated as money. The only question presented is that defendant, receiving a check on the bank, and which he cashed at the bank, as shown by the evidence, does it support an allegation that he obtained money from F. D. Love? The facts show that defendant and Mr. Love went to the bank, and, after obtaining information desired, Mr. Love gave checks in payment of a note due by defendant to the bank, and gave him a check for eighty dollars, which was immediately cashed by the defendant, in the presence of Mr. Love. We hold that this was obtaining money from Mr. Love, as charged in the indictment.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 11, 1911.—Reporter.]