## W. J. KING v. THE STATE.

### No. 1679. Decided April 10, 1912.

### Rehearing Denied May 8, 1912.

**1.—Swindling—Indictment—Certainty of Pleading.**

Where, upon trial of swindling, the allegations in the indictment were sufficient to inform defendant that the offense with which he was charged was that he had represented himself as the owner of thirty-seven head of cattle when in fact he owned no such cattle, and had by reason of such representation induced the parties named to pay him the money for said cattle, the same was sufficient under articles 441 and 448, Code Criminal Procedure. Distinguishing Cummings v. State, 36 Texas Crim. Rep., 152.

**2.—Same—Money—Checks—Variance.**

Where, upon trial of swindling, defendant contended that the evidence showed that he received checks instead of money as alleged in the indictment, there was no variance under Article 945, Penal Code; besides, the evidence showed that he had received money.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of swindling, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Sabine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. H. McGown* and *Goodrich & Lewis,* for appellant.—On question of insufficiency of indictment: Cummings v. State, 36 Texas Crim. Rep., 152; Buchalew v. State, 11 Texas Crim. App., 352; Allen v. State, 16 id., 150.

On question of variance between money and checks: Huddleston v. State, 11 Texas Crim. App., 22.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted for swindling, tried and convicted. 1. Appellant in his motion for new trial complains of the action of the court in overruling his motion to quash the indictment. There is no such motion in the record; however, there is a motion in arrest of judgment alleging that "the indictment fails to charge any offense, in that it fails to charge or allege in express terms any sale or delivery of the cattle in question to the injured parties." The indictment charges, among other things, that "the said W. J. King did then and there falsely pretend and fraudulently represent to the said Booth and Whiteside that he, the said W. J. King, was then and there the owner of thirty-seven head of cattle of the value of Two Hundred ($200) Dollars, and that he, the said W. J. King, was the owner of the same and had the right to dispose of the same and did thereby then and there fraudulently induce the said Booth and Whiteside to pay him, the said W. J. King, the said One Hundred and Ninety Dollars ($190) *for said thirty-seven head of cattle then and there claimed to be owned* by him, the said W. J. King, when in truth and in fact the said W. J. King did not then and there own said cattle and did not have the right to dispose of the same, and the said W. J. King then and there knew that said pretenses and representations so made by him to the said Booth and Whiteside were false."

We are cited by appellant to the case of Cummings .v. State, 36 Texas Crim. Rep., 152, he claiming that it sustains his contention in this case. However, by reading the indictment in that case and the excerpt copied above it is seen that this indictment contains an allegation that by reason of said false pretenses appellant induced Booth and Whiteside to pay him, appellant, the *said sum for said thirty-seven head of cattle then and there claimed to be owned by him.* It is for the want of such an allegation that the indictment in the Cummings case was quashed. The allegation being that the swindle was perpetrated by a representation that he owned certain cattle, which he did not own, of course no allegation of delivery could have been made, and an allegation of sale is sufficiently made when it is charged that appellant by reason of the false representations and pretenses induced the parties to *pay him the money for the cattle.* Article 441 of the Code of Criminal Procedure provides: "The certainty required in an indictment is such as will enable the accused

to plead the judgment that may be given upon it, in bar of any prosecution for the same offense," and it has been held by this court that if the offense be charged in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant and with that degree of certainty that will give the defendant notice of the particular offense of which he is charged, is it sufficient. (Article 448, Code of Crim. Proc.; Taylor v. State, 29 Texas Crim. App., 466; Hammons v. State, 29 Texas Crim. App., 445; Martin v. State, 31 Texas Crim. Rep., 27; Earl v. State, 33 Texas Crim. Rep., 570.) The allegations in this indictment were sufficient to inform appellant that the offense with which he was charged was that he had represented himself as the owner of thirty-seven head of cattle when in fact he owned no such cattle, and had by reason of such representation induced the parties named to pay him the money for said cattle.

2. Another contention of appellant is that the indictment alleged that he had obtained money from Booth and Whiteside, whereas in fact the testimony shows that he received checks. The court excluded by his charge the two checks, one for $50 and one for $70, given by Whiteside, and the case was tried on the transaction with Booth, and Booth does not say anything about a check, but says he paid the defendant one hundred dollars in money on his representation that he had thirty-seven head of cattle which he would deliver on Monday morning. But if the proof had shown that appellant received a check on a bank which he cashed at the bank, article 945 of the Penal Code provides that "within the meaning of money, as used in this chapter, are included also bank bills or other circulating medium current as money" and there would be no variance in the proof and the allegation.

3. The evidence would show that appellant was the owner of two head of yearlings, and sold them to Booth and Whiteside, and at the time stated he knew where he could obtain three more head, and he was given a check to cover the price of each head of cattle. That later he told Mr. Whiteside he knew of others he could purchase, and he was given a check for seventy dollars with which to buy them. After getting this amount he telephoned Mr. Whiteside that he wanted some more money on some cattle he had just bought and partly paid for, and he would deliver them Monday. He was told to see Mr. Booth, and Mr. Booth says that appellant came to him and told him he had purchased thirty-seven head of cattle and needed one hundred dollars to finish paying for them, and he would deliver the cattle Monday, showing him bills of sale for the cattle. Relying upon this representation he let him have the one hundred dollars. The evidence further shows that appellant at the time these representations were made did not own thirty-seven head of cattle, and further shows he had not contracted for that number, and did not deliver or attempt to deliver that number on Monday or at any other time.

We have carefully considered all the assignments of error in the motion for new trial and none of them present error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 8, 1912.—Reporter.]