## STATE OF MISSOURI

AT THE

### APRIL TERM, 1924.

---

## THE STATE v. MILTON B. ROSENHEIM, Appellant.

Division Two, April 16, 1924.

1. **FALSE PRETENSE: Representations to Defrauded City by Officer: Deceptive Entries in Book: Indictment.** False entries made by a city weigher in a book in which he was required by the city to enter the correct and true weight of coal bought by the city from a coal company, and by which false entries, being in excess of the correct weights, the city was deceived and defrauded, and in reliance thereon induced to pay for undelivered coal, made in pursuance of a conspiracy between the weigher and the officers of the company, by which the company was to be paid the contract price for such undelivered excess and the weigher was to be paid one dollar per ton by the company, amount to false pretense, and an indictment alleging these facts in apt terms sufficiently charges to whom the false pretenses and fraudulent representations were made.

2. ———: **Sufficient Verdict.** The indictment sufficiently charging the crime of false pretense by aptly stating defendant's false representations, a verdict finding "the defendant guilty of obtaining money by false pretenses, as charged in the indictment" is sufficiently definite, certain and responsive.

3. ———: **Misdemeanor or Felony.** A city officer who cheats and defrauds the city out of $322.16 by false pretense and fraudulent representations is guilty of the offense denounced by Section 3343,

(553)

Revised Statutes 1919, and is guilty of a felony, and not simply a misdemeanor. Sections 3194, 3195 and 3198, which make certain acts of a public officer or a public agent a fraud in office and a misdemeanor, bear no relation to the class of offenses described in Section 3343.

4. ———: **Variance: Charging Lawful Money: Payment by Check.** A charge that the city was induced by the false pretense of defendant to pay over a certain amount of "lawful money of the United States" is sustained by proof that the city parted with its money by taking up orders and checks of the same amount. In such case if the city parted with its money, it is immaterial that the payment took the form of orders or checks, and there is no variance between the allegation and proof.

5. ———: ———: **Payment to Assignee or Attorney in Fact.** The evidence shows that the defendant, a weigher for the city, entered into a conspiracy with the officers of a coal company to make false entries in the book he was required to keep, showing that the company had delivered more coal than was actually delivered, and that for such false entries he was to be paid one dollar for each undelivered ton for which the company received payment; that the city was deceived by such false entries and paid a certain amount of money for coal it did not receive; that the payments were made to a certain bank, which was the assignee or attorney-in-fact of the coal company and, without notice of the fraud, gave the company credit for the amount of the payments, and thereby in fact the money went to the coal company. The indictment charged that the money was paid to the coal company. *Held*, that whether the money was paid directly to the coal company, or paid to the bank and by it paid to the coal company, was an immaterial issue, and there was no material or prejudicial variance between the charge and proof.

6. ———: **Confession.** A confession voluntarily made, without violence or threats, and after being read over, signed, without protest or objection, in the presence of several witnesses, by defendant, thirty-five years of age, a licensed lawyer, a student of the criminal law and a trusted clerk, is admissible in evidence, not only to prove that he obtained money from the city by false pretense, but also to prove the conspiracy into which he and others entered in order to make effective their methods of cheating and defrauding the city out of its money.

7. ———: **Instruction: Comment on Detached Evidence.** An instruction telling the jury that "even though the city paid to the coal company certain sums of money in payment for coal, said payment is

no evidence that the defendant obtained any money from the city" by false pretense and fraudulent representations, is a comment on detached portions of the evidence, and should be refused.

Headnotes 1 and 3 to 5:   False Pretenses: 1, 25 C. J. secs. 39, 59; 3, 25 C. J. sec. 45; 4, 25 C. J. sec. 76; 5, 25 C. J. sec. 80 (1926 Anno). Headnote 2: False Pretenses, 25 C. J. sec. 96; Criminal Law, 16 C. J. sec. 2599. Headnote 6: Criminal Law, 16 C. J. sec. 1468. Headnote 7: Criminal Law, 16 C. J. sec. 2314; False Pretenses, 25 C. J. sec. 94.

## Appeal from St. Louis City Circuit Court.—*Hon. Franklin Miller*, Judge.

AFFIRMED.

*Bass & Bass* and *Edward E. Butler* for appellant.

(1)   The motion to quash or in arrest should have been sustained.   (a) Because the indictment fails to state to whom the alleged false pretenses and fraudulent representations charged were made and addressed. The omission is fatal to the indictment.   State v. Fraker, 148 Mo. 143, 160; State v. Young, 266 Mo. 723, 730; State v. Small, 272 Mo. 507, 517; State v. Foley, 247 Mo. 607; State v. Turley, 142 Mo. 403; Bailey v. State, 159 Ala. 4; State v. Hulder, 78 Minn. 524.   The failure to aver to whom the alleged false statements were made is a failure to plead a material matter, and nothing material can be taken by intendment or implication.   State v. Phelan, 159 Mo. 122.   (b)   Because the indictment fails to allege that the defendants "did falsely and fraudulently represent, pretend and state to the said city of St. Louis, its officers, agents and servants." The precedents all show in express terms an allegation stating to whom the false statements and pretenses were made. State v. Foley, 247 Mo. 607; Kerr on Criminal Forms Adjudicated, pp. 710 to 755, 947 to 975; Kelly's Crim. Law (3 Ed.) sec. 692; State v. Smallwood, 68 Mo. 192; State v. Bradley, 68 Mo. 140.   (c)   Because inducing by false pretense payment to a third person is not within the statute, Sec. 3343, R. S. 1919.   The charge herein attempted to be made is based upon Section 3343, R. S. 1919.   "Obtain," as there used, means "to get posses-

sion of," "to have in possession," "to get" in the sense of "acquire," "to procure a delivery to one's self." To cause or induce one by means of false pretenses to wrongfully pay to a third person is not within the terms of the statute. A criminal statute must be strictly construed. There cannot be read into the statute what is not there. State v. McBrien, 265 Mo. 594; State v. Willard, 109 Mo. 242; 2 Russ. on Crimes, 618, note (d); 2 Roscoe's Crim. Evidence 649; Bates v. State, 124 Wis. 612; Comm. v. Schmunk, 207 Pa. St. 544; Jamison v. State, 37 Ark. 445; Connor v. State, 29 Fla. 455; State v. McGinnis, 71 Iowa, 685; State v. Shaeffer, 89 Mo. 271. (d) Because the allegations of the indictment are inconsistent, repugnant, vague and uncertain, and the indictment does not apprise the defendant of the cause of the accusation against him by setting out the facts, but pleads a conclusion of law. Mo. Constitution, art. 2, sec. 22. Because the indictment does not allege in the charging part thereof that Milton B. Rosenheim "did" "make," "write" and "enter" in the book alleged to be kept by him the alleged false entries, feloniously, designedly, knowingly, or that he knew when he made them that they were false and untrue. State v. Young, 266 Mo. 723; State v. Muir, 186 S. W. 1047. Because the indictment fails to allege that the officers and agents of the city who were induced to deliver and pay over, and did deliver and pay over, to the St. Clair Coal & Mining Company three hundred and twenty-two dollars and sixteen cents of the money and property of the city, had legal authority and power to make payments on behalf of the city. State v. Lawrence, 178 Mo. 350; State v. Clay, 100 Mo. 571; People v. Wakely, 62 Mich. 297. Because the defendant Rosenheim, being a public officer or agent, could not be joined with the co-defendants, Frederick W. Kleine et al. United States v. McDonald, 3 Dillon, 543. (e) On the face of the indictment the defendant Rosenheim, if guilty of anything, is guilty of a misdemeanor and should have been so charged. The indictment charges the defendant, at the time of the commission of the offense alleged, with being a clerk and servant of the city, and as such

alleged to have committed the offense charged. There-fore, he was only triable as for a misdemeanor, being guilty of and punishable for, if anything, in having committed a fraud in his official capacity. His offense is under special statutes. Secs. 3194, 3195, 3198, R. S. 1919; State v. Green, 87 Mo. 583; State v. O'Gorman, 68 Mo. 179; State v. Vasel, 47 Mo. 416. (f) The verdict is bad in form and substance, indefinite and uncertain and not responsive. State v. De Witt, 186 Mo. 61; State v. Rowe, 142 Mo. 439; State v. Pierce, 136 Mo. 34; State v. Miller, 255 Mo. 223. (2) The motion to discharge on the ground of variance or the motion to discharge in the nature of a demurrer, offered at the close of the State's case, should have been sustained. (a) Because the evidence shows that the officers and agents of the city of St. Louis did not deliver and pay over to the St. Clair Coal & Mining Company, a corporation, three hundred and twenty-two dollars and sixteen cents lawful money of the United States, as alleged, but to the contrary, the evidence establishes the fact that the payment alleged was made in orders or by checks on the city. This does not support the allegations in the indictment. State v. Peck, 253 S. W. 1019. (b) Because the evidence shows that the money alleged to have been paid over by the city of St. Louis, which is alleged to have been defrauded, by reason of the false pretenses, was not, in fact, paid by the city to the defendant, or "obtained" by him, but was, in fact, paid to and obtained by the Central National Bank, attorney in fact and assignee of the St. Clair Coal & Mining Company, a corporation. Sec. 3343, R. S. 1919; State v. Smalley, 252 S. W. 443; State v. Bowman, 247 S. W. 145; State v. McBrien, 265 Mo. 594; State v. Willard, 109 Mo. 242; State v. Morris, 230 Mo. 63.

*Jesse W. Barrett,* Attorney-General, for respondent; *Ellison A. Poulton,* of counsel.

(1) The motion to quash the indictment was properly overruled. (a) The indictment sufficiently charges the

offense of obtaining money by false pretenses. Sec. 3343, R. S. Mo. 1919; State v. Foley, 247 Mo. 607, 628; State v. Shout, 263 Mo. 360, 367; State v. Loesch, 180 S. W. 875, 878. (b) A hard-and-fast form of indictment charging the obtaining of money by false pretenses, is not to be expected. State v. Foley, supra, l. c. 629. (c) The allegations ''did falsely and fraudulently make, write and enter in said book kept for the city of St. Louis, and by said entries did then and there charge the said city'' allege false and fraudulent representations to the city and its officers. (d) It is fundamental that all persons who act together with a common intent in the commission of a crime are equally guilty, and a crime so committed by two or more persons jointly is the act of all and of each one so acting. Therefore it is not necessary that the appellant here should have obtained the identical money the city parted with or that he be so charged. Appellant is liable on the theory of conspiracy. State v. Starr, 244 Mo. 161, 173. (e) Section 3343, R. S. 1919, covers the false pretenses of all persons, whether city officers, city employees, as defendant was, or private persons who run afoul of its denunciations. State v. Foley, supra, 629. (2) The motion to discharge on the ground of a variance and the demurrer to the evidence were properly overruled. (a) An allegation of obtaining money is sufficiently proved by showing that a check was given. State v. Bowman, 247 S. W. 145; State v. Chick, 282 Mo. 51, 65; State v. Foley, supra, 618. (b) A variance shall not be deemed ground for acquittal unless the trial court finds that it is material to the merits of the case and prejudicial to the defense of the defendant. Section 3907, R. S. 1919. Here the indictment charges the appellant and his co-indictees with causing the city to pay the coal company. The proof shows the city paid the assignee (attorney in fact) of the coal company on the coal company's order. (3) The verdict finds the appellant guilty as charged and assesses the punishment. This is sufficient. State v. Jordan, 225 S. W. 907; State v. Reich, 239 S. W. 837.

RAILEY, C.—Appellant, Milton B. Rosenheim, to-
gether with Frederick W. Kleine, John M. Brichler and
Edwin F. Kleine, were jointly charged with a felony, in
an indictment, returned into the Circuit Court of the
City of St. Louis, Missouri, on December 2, 1921, which
will be considered hereafter.    On April 10, 1922, the
court, on application of appellant, ordered a severance,
and that a separate trial be granted appellant.    There-
after, on the same day, he filed a motion to quash said
indictment, which was overruled.    He then waived a
formal arraignment, and entered his plea of not guilty.
On April 13, 1922, he filed a motion asking to be dis-
charged, which was likewise overruled.

At the conclusion of the State's evidence, appellant
interposed a demurrer thereto which was overruled.   He
also filed a motion, at the conclusion of the evidence, to
compel the State to elect one of the transactions or al-
leged false entries between December 24, 1918, and the
10th day of January, 1919, on which it intended to pro-
ceed.   This motion was likewise overruled.

The case was tried before a jury and, on April 13,
1922, the following verdict was returned:

"We the jury in the above entitled cause, find the
defendant guilty of obtaining money by false pretenses,
as charged in the indictment, and assess the punishment
at imprisonment in the penitentiary for two years."

Motions for a new trial and in arrest of judgment
were filed and overruled.   Thereafter judgment was ren-
dered and sentence pronounced in conformity to the ver-
dict of the jury, and appellant was granted an appeal to
this court.

There was substantial evidence on the part of the
State tending to show that the city of St. Louis entered
into an agreement and contract with the St. Clair Coal
& Mining Company, an Illinois corporation, for coal, to
be delivered and furnished said city, from the first day of
September, 1918, for a period not exceeding twelve
months; that the coal received from this company for

the city was weighed by the latter at its station, Bissell's Point; that Frederick W. Kleine was president, John M. Brichler, secretary, and Edwin F. Kleine, treasurer, of said corporation; that appellant, Milton B. Rosenheim, was in the employ of the city of St. Louis aforesaid; that he had taken an oath of office, and received pay for his services; that his title of office was assistant store-keeper, and his duties were performed at Bissell's Point; that his duties required him to take down, as it was called out to him by the weigher and write in a book kept for the purpose, the number of pounds of coal con-tained in a car, weighed at Bissell's Point, that was de-livered by the St. Clair Coal & Mining Company; that from this original book of entries copies were made and entered in books kept at Bissell's Point; that the coal delivered by the St. Clair Coal & Mining Company at Bissell's Point came over the Louisville & Nashville Rail-road, which weighed the coal hauled by it at East St. Louis; that the basis of the payment by the city for coal delivered by said St. Clair Coal & Mining Company was according to the weight ascertained by its employees at Bissell's Point; that appellant, Milton B. Rosen-heim, in putting down the figures as they were called out to him for coal delivered by the St. Clair Coal & Mining Company, made them show that they were in excess and above the actual and true weight of the coal delivered; that Edwin F. Kleine, treasurer of the St. Clair Coal & Mining Company, had made and entered into an agreement with this appellant, whereby the lat-ter was to receive a stated and fixed compensation for the fictitious excess coal charged to the city of St. Louis, as delivered by the St. Clair Coal & Mining Company; that the latter company had, during the existence of the above contract with the city of St. Louis, made an assign-ment of the money due from the city of St. Louis on its contract for coal delivered by said St. Clair Coal & Min-ing Company, to the Central National Bank, as assignee; that said coal company did, under its contract afore-

said, between the 24th day of December, 1918, and the 10th day of January, 1919, deliver coal to the city of St. Louis, which was weighed at Bissell's Point at that time, and that appellant was located, in the discharge of his duties, at Bissell's Point during said time; that the city of St. Louis, in payment for the coal delivered between the 24th day of December, 1918, and the 10th day of January, 1919, drew orders or vouchers for payment of the coal alleged to have been delivered during this period in favor of said St. Clair Coal & Mining Company and its assignee, the Central National Bank; that the checks thus made out went directly to the hands of the Central National Bank; that no part of this money was personally received or obtained from the city or paid over to appellant.

The latter executed a written confession in the presence of witnesses, which was read in evidence, in which he stated that as Drake, the weigher of the coal, called off one figure, he (appellant) put down another for. a greater amount, and he was to get paid for the difference by the coal company; that Edwin Kleine telephoned him to come to Kleine's office, and told him he could make some easy money; that he (defendant) was by agreement called Stine, and met Edwin Kleine in the lobby of the Central National Bank; that Kleine always gave him the cash for his one dollar per ton that was agreed on; that during the years 1918 and 1919, he was paid $50 to $100; that he (defendant) was to get one dollar for every ton above the actual weight; that he always got the difference in cash; that Brichler also paid him in the same way; that he (defendant) knew he was stealing money, and this arrangement was stopped about April or May, 1919; that he got about $2000 for the difference in the weights; that his salary was $132 per month; that he made the mistake of stealing this money from the city; that Edwin Kleine made him the proposition of one dollar per ton where he marked up the weight of the coal; that he knew the money he got out of this agreement was crooked.

There was other testimony tending to show that the city paid for 292,000 pounds of coal, of the value of $322.16, which it never received, by reason of defendant's acts in falsely marking up the quantity of coal delivered to the city.

The instructions given and refused, as well as the rulings of the court during the progress of the trial, will be considered as far as necessary, in the opinion.

I.   It is contended by appellant under proposition one of his "Points and Authorities" that his motion to quash the indictment, or his motion in Representations arrest of judgment, should have been sustained, "because the indictment fails and omits to aver and state to whom the alleged false pretenses and fraudulent representations charged were made and addressed."

to City: Entries in Book.

We are cited, in support of this contention, to the following Missouri cases, to-wit: State v. Turley, 142 Mo. 403; State v. Fraker, 148 Mo. l. c. 160; State v. Foley, 247 Mo. 607; State v. Young, 266 Mo. l. c. 730; State v. Small, 272 Mo. l. c. 517.

We have carefully read and fully considered each of the authorities above cited, but do not find, upon consideration of same, that the facts in any of said cases would warrant us in sustaining the above contention.

It appears upon the face of the indictment before us that the St. Clair Coal & Mining Company, an Illinois corporation, was engaged in the business of selling and delivering coal to the city of St. Louis, Missouri, at Bissell's Point in said city; that Frederick W. Kleine, John M. Brichler and Edwin F. Kleine were the chief officers of said coal company; that the above officers of said coal company and appellant, Milton B. Rosenheim, as clerk and servant of said city, at the time mentioned, with intent to fraudulently, knowingly, designedly and feloniously deceive, cheat and defraud said city of St. Louis, by means and by use of deception, false pretenses,

representations and false entries, did among themselves conspire, combine, confederate and agree together, that the said Milton B. Rosenheim, as clerk and servant aforesaid, should and would falsely, fraudulently, knowingly, designedly and feloniously deceive, cheat and defraud said city, by making deceptive, false and fraudulent entries in a certain book of said city, kept by appellant, in which it became and was the duty of said appellant, by virtue of his employment, to enter the correct and true weight of coal delivered to said city, at Bissell's Point in said city, by the St. Clair Coal & Mining Company aforesaid, between the 24th day of December, 1918, and said 10th day of January, 1919; that appellant, pursuant to said conspiracy, with the felonious intent then and there and thereby to deceive, cheat and defraud said city, did, between December 24, 1918, and January 10, 1919, then and there falsely and fraudulently make, write and enter in said book kept by appellant for the city of St. Louis, false entries totaling 6,509,900 pounds of coal, as representing the correct and being the true weight of coal delivered at said Bissell's Point for said city by said coal company, between the dates above mentioned; that appellant, by making said deceptive, false and fraudulent entries of said 6,509,900 pounds of coal, in pursuance of said conspiracy, did then and there falsely, fraudulently, deceptively, knowingly, designedly and feloniously charge said city with 292,000 pounds of coal more than the true weight of coal delivered to said city at Bissell's Point aforesaid, between the above mentioned dates, of the value of $322.16; that the officers and agents of said city of St. Louis, believing the said false and fraudulent pretenses, representations, deceptive and false entries so made and entered in the said book of said city by appellant, in pursuance of said conspiracy, to correctly represent and be the true weight of coal delivered at the above point, between said dates, by said coal company, and relying thereupon, and being then and there deceived thereby, the said officers and agents

of said city, by means of said deception, false pretense, representations and false and deceptive entries so made, written and entered in said book by appellant in pursuance of said conspiracy, were induced to then and there deliver and pay over, and did then and there deliver and pay over, to said St. Clair Coal & Mining Company $322.16, lawful money of the United States, of the value of $322.16, the money and property of said city of St. Louis, Missouri; that said Frederick W. Kleine, John M. Brichler, Edwin F. Kleine and Milton B. Rosenheim, in pursuance of said conspiracy, by means and by use of said deception, false and fraudulent pretenses, representations and false entries so made, written and entered in the said book of the said city of St. Louis by appellant, did then and there unlawfully, fraudulently, knowingly, designedly and feloniously obtain of and from said city of St. Louis $322.16, with the felonious intent on the part of the said Frederick W. Kleine, John M. Brichler, Edwin F. Kleine and appellant, Milton B. Rosenheim, then and there to cheat and defraud the said city of St Louis of said $322.16.

The indictment further charges that whereas, in truth and in fact, the said St. Clair Coal & Mining Company did not deliver to said city of St. Louis, at Bissell's Point aforesaid, 6,509,900 pounds of coal between December 24, 1918, and January 10, 1919, and whereas, in truth and in fact, the said coal company delivered to said city of St. Louis, at Bissell's Point aforesaid, 292,000 pounds less than 6,509,900 pounds of coal, to-wit, 6,217,900 pounds of coal, and that said city, in pursuance of said conspiracy, was charged with 292,000 pounds of coal more than was delivered to it at the time and place aforesaid, of the value of $322.16, all of which said foregoing facts the said Frederick W. Kleine, John B. Brichler, Edwin F. Kleine and Milton B. Rosenheim then and there well knew; that said officers of the coal company and appellant, in pursuance of said conspiracy, at the city of St. Louis and State of Missouri, on the said 10th

day of January, 1919, by means and by use of said decep-
tive, false and fraudulent representations, pretenses and
false entries so made, written and entered in the said
book of said city of St. Louis, by appellant as aforesaid,
unlawfully, knowingly, designedly and feloniously did de-
ceive, cheat and defraud said city of St. Louis of the
said $322.16, against the peace and dignity of the State.

We are clearly of the opinion that the false entries
made in said book by appellant, on which the city of St.
Louis was expected to part with its money, were in legal
effect, false pretenses made to the officers and agents of
the city of St. Louis, who were expected to, and did, pay
out said money. The indictment on its face specifically
pointed out to appellant the charges which he would be re-
quired to meet in the trial of the cause. The false pre-
tenses were made to the city of St. Louis and its agents,
who were expected to, and did, rely on said false entries
made by appellant in the city's record, wherein he was re-
quired to make correct entries.

The conclusion which we have reached in respect
to above assignment is not in conflict with the previous
rulings of this court, as will be seen by reference to the
following authorities: Section 3343, Revised Statutes
1919; State v. Small, 272 Mo. l. c. 517; State v. Young,
266 Mo. l. c. 730-1; State v. Shout, 263 Mo. l. c. 367-8;
State v. Loesch, 180 S. W. (Mo.) l. c. 878-9; State v. Fo-
ley, 247 Mo. l. c. 628;. State v. Donaldson, 243 Mo. l. c.
472-3.

Upon a careful consideration of all the questions
raised by appellant under his Point One, we are of the
opinion that the indictment herein is sufficient as to both
form and substance.

II. Appellant assails the verdict of the jury as be-
ing insufficient, indefinite, uncertain and not responsive.
Verdict. Having reached the conclusion in the former
proposition that the indictment was sufficient
under Section 3343, Revised Statutes 1919, to charge ap-
pellant with a felony in having entered into a conspiracy

with the officers of the coal company, by which they obtained from the city of St. Louis, through false pretenses and false entries in the book of said city $322.16, for coal which was never delivered to said city, etc., we are of the opinion that the verdict of the jury is sufficient. It reads as follows:

"We the jury in the above entitled cause, find the defendant guilty of obtaining money by false pretenses, as charged in the indictment, and assess the punishment at imprisonment in the penitentiary for two years."

The above assignment of error is accordingly overruled.

III.  Appellant insists that, if he was guilty of any offense, it was simply a misdemeanor, and he should have been prosecuted accordingly.  In support of this contention we are cited to Sections 3194, 3195 and 3198, Revised Statutes 1919.  A public officer or public agent may be guilty, under these sections of the statute, of a misdemeanor, on account of fraud in office, which bears no relation to the class of offenses described in Section 3343, Revised Statutes 1919, under which appellant is being prosecuted.  [State v. Tedder, 242 S. W. (Mo.) l. c. 893; State v. Clinkingbeard, 247 S. W. l. c. 202.]  We accordingly hold, that on the facts set out in the indictment the appellant was properly proceeded against under Section 3343, Revised Statutes 1919.

IV.  It is contended that there was a variance between the proof offered and the allegations of the indictment, which entitled defendant to a discharge:  "(a) Because the evidence shows that the officers and agents of the city of St. Louis did not deliver and pay over to the St. Clair Coal & Mining Company, a corporation, $322.16 lawful money of the United States, as alleged, but, to the contrary, the evidence establishes the fact that the payment alleged was made in orders or by checks on the city of St. Louis."

The case of State v. Peck, 299 Mo. 454, 253 S. W. 1019, relied on in support of the above contention, was an

action in which defendant was charged with embezzlement. The facts were entirely different from those in the case at bar. The court in the Peck Case held that a charge of embezzling money is not sustained by proof of embezzling stocks, nor is the charge of embezzling stock sustained by proof of embezzling money. In the case before us, the evidence shows that, on account of the conspiracy between appellant and the officers of the coal company, false entries were made in the city's record kept by appellant, through which said city, on account of appellant's false pretenses, parted with $322.16, which went into the hands of said coal company. The question as to whether the city gave orders or checks was not material, as it parted with its money in taking up said orders and checks. [Secs. 3707 and 3708, R. S. 1919.] Aside from the foregoing, we have held, where it is charged that by "false pretenses and representations" appellant had obtained "the sum of $10,000 from Rogers," there was no variance if the testimony disclosed that said sum had been obtained in the form of a check. [State v. Bowman, 247 S. W. l. c. 145; State v. Chick, 282 Mo. 51, 221 S. W. 10; State v. Booth, 186 S. W. (Mo.) 1019; State v. Foley, 247 Mo. l. c. 633; State v. Salmon, 216 Mo. 466, 115 S. W. 1106; State v. Terry, 109 Mo. 601, 19 S. W. 206.] The above contention is without merit and overruled.

V. It is claimed by appellant that there is a variance between the indictment, which charges that the city paid the coal company for the 292,000 pounds of coal which it did not receive, and the evidence, which disclosed that said money was paid to the Central National Bank, attorney in fact and assignee of the St. Clair Coal & Mining Company, a corporation.

Payment to Bank.

It appears from the indictment, and is shown by substantial testimony, that a conspiracy was entered into between appellant and the officers of the coal company, by which appellant was to, and did, falsify his record, so as to have it deceive the agents and servants of the city of St. Louis, on account of which, said city paid for coal

which it did not receive, and said coal company received credit therefor in its dealings with said bank. Under such circumstances, it was *not material* whether the $322.16, which the city paid for coal it did not receive, went to the coal company, or its attorney in fact and assignee, the Central National Bank.

Section 3907, Revised Statutes 1919, provides that "such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant."

Section 3908, Revised Statutes 1919, likewise provides, that "no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected: . . . for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The bank was not an innocent purchaser for value, but simply took over certain assets of said coal company as attorney in fact and assignee, *subject to any defense which the city might have had against the coal company. The city paid for the coal which it did not receive, without notice of the fraud which had been perpetrated against it.* The question as to whether the coal company or the bank got the money was not a *material* issue in the case.

The authorities cited in support of above contention do not apply to the facts of this case. We are of the opinion, that the foregoing assignment of error is not well taken and should be overruled.

VI. It is asserted, under appellant's Point 2 that: "There is no evidence to sustain or support the allegations that the excess 292,000 pounds of coal, alleged to have been charged to the city of St. Louis, was of the value of three hundred and twenty-two dollars and sixteen cents, or of any value."

Value of
Coal.

The 292,000 pounds of coal was the equivalent of 146 tons of same.   The evidence of the State discloses that the city of St. Louis contracted to pay, and did pay, in excess of two dollars per ton for the coal it bought from said coal company.   The undisputed evidence discloses that appellant was to receive, and did receive, from the coal company one dollar per ton for all the coal charged up on the book of the city which the latter did not receive. There was therefore abundant evidence before the jury tending to show that the city of St. Louis was compelled to, and did, by reason of appellant's false pretenses, and false entries in said book, pay greatly in excess of $30 for coal which the city did not receive.   The above conclusion is also sustained by the confession of appellant read in evidence, and the testimony of Raymond Soraghan, who was the book-keeper of the coal company.   This assignment of error is also without merit and disallowed.

VII.   The trial court is charged with error in admitting in evidence the written confession of appellant referred to in the previous statement.   It conclusively appears from the evidence that said statement was voluntarily made, and signed by appellant in the presence of several witnesses, on October 21, 1921.   He was on the date last named a graduate of the St. Louis Law School.   He went upon the witness stand, and admitted that he signed the written confession aforesaid.   He was thirty-five years of age at date of trial, and had studied criminal law, at the law school. ˙He admitted that no violence was offered him, nor were any threats made against him.   A number of witnesses testified that the written confession was read over by appellant and signed by him without protest or objection. The court committed no error in admitting the above confession as evidence against appellant.   [State v. McNeal, 237 S. W. (Mo.) l. c. 741;  Woolridge v. LaCrosse Lumber Co., 291 Mo. l. c. 247;  State v. Seward, 247 S. W. (Mo.) l. c. 153.]

*Confession.*

We are referred to the case of State v. Bowman, 294 Mo. 245, as an authority against the admission in evidence

of said confession. The most casual reading of the Bow-man Case will disclose that the facts are entirely different from those at bar, and that the conclusion reached therein has not the slightest application to the question presented here. The confession of appellant was not only compe-tent as an admission of material facts concerning his /guilt, but was likewise competent as tending to show, in connection with the other facts, that appellant had en-tered into the conspiracy with the officers of the coal company to perpetrate the crime charged in the indict-ment. The court committed no error in permitting said confession to be read in evidence.

VIII. Appellant complains of the court's action, in refusing his instruction numbered 4, which reads as fol-lows:

"The court instructs the jury that even though the city of St. Louis paid to the St. Clair Coal & Mining Company certain sums of money in payment of coal, said payment so made is no evidence that the defendant obtained any money from the city of St. Louis as charged."

Instruction: Comment.

This instruction is a comment on detached portions of the evidence; is wholly at variance with the principles of law heretofore enunciated, and was properly refused.

IX. We are of the opinion, that the instructions given by the court properly declared the law, and that they were as favorable to defendant as he had any legal right to expect. On the other hand, we hold that the court committed no error in failing to give the refused instructions asked by appellant.

Other Instructions.

After a careful examination of the record, we have reached the conclusion that no error of which appellant can legally complain was committed against him during the progress of the trial. The defendant offered no testimony upon the conclusion of the State's case, and is here upon a demurrer to respondent's testimony. The undisputed evidence discloses that ap-

Facts of Case.

pellant was thirty-two or thirty-three years of age, and in the employ of the city of St. Louis, as a trusted clerk, upon a salary of $132 per month. He was in charge of the city's record, in which it became his duty to enter the correct weight of all coal delivered by the St. Clair Coal & Mining Company of Illinois to said city of St. Louis, at Bissell's Point, located therein. According to his own confession, sustained by other substantial testimony in the case, it appears that he entered into an unlawful conspiracy with the officers of the coal company, by which he was to, and did, enter in the city's book aforesaid false entries which indicated that the city had received from said coal company 292,000 pounds, or 146 tons, of coal, more than was delivered to said city. He not only entered into the above conspiracy to assist the officers of the coal company, in stealing from said city, but he was to receive, and did receive, from said coal company one dollar per ton for each ton of coal he charged upon said book against the city which was never delivered to it. According to his own confession, the appellant received, on several occasions, the sum of from $50 to $100 as his share of the loot, and admitted that he had received from said coal company, and his co-conspirators, during his said employment as much as $2000 on account of the false pretenses, and false entries made in the city's book. He was tried upon a valid indictment, properly convicted upon substantial evidence after a fair and impartial trial before an unprejudiced jury and court, and is here without any meritorious defense.

The judgment below was for the right party and is accordingly affirmed.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.