FRED E. BENNETT v. THE STATE.

No. 15845. Delivered April 19, 1933.
Rehearing Denied June 7, 1933.
Reported in 60 S. W. (2d) 790.

The opinion states the case.

*Harvey P. Shead* and *J. D. Rayon,* both of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, embezzlement; the punishment, two years in the penitentiary.

The evidence showed that the appellant was employed as manager of the Kilgore shop of the Mid-Co Tool and Supply Co. His duties were to look after the business and to look after the bookkeeping end of the business with an assistant. He was also to look after the invoices and see that everything was conducted as it should be with regard to the handling of the business. The evidence further showed that the bank account of the Mid-Co Tool and Supply Co. was kept in Oklahoma City and all the money collected at Kilgore was to be sent to Oklahoma City for deposit in a bank there as the said company did not carry an account in any bank in Texas. The appellant was instructed, according to the evidence, to send all money and checks collected at the Kilgore office to the Oklahoma City office. A check came into the hands of the appellant made payable to the Mid-Co Tool and Supply Co. for $401 signed by the Milhoan Drilling Co. The evidence further shows that instead of sending said check to the Oklahoma City office the appellant endorsed said check in the name of the Mid-Co Tool and Supply Co. by himself as manager and received the money therefor.

The appellant admitted that he received the check and that

he cashed same and had never accounted to the company for it, but claimed that the company owed him money and that he applied it to what they owed him.

The first contention of the appellant is to the effect that there was a fatal variance between the allegations in the indictment and the proof adduced by the state in this: The indictment alleged that the appellant embezzled money from the Mid-Co Tool and Supply Co., Incorporated, of Texas, and the proof shows by the exhibition of the charter of the Mid-Co Tool and Supply Co. offered in evidence by the state that the concern was the Mid-Co Tool and Supply Co. It is claimed that the use of the words "Incorporated, of Texas," as contained in the indictment, is a part of the corporate name and therefore there was a fatal variance. We regard the objection as not being well taken. The words "Incorporated, of Texas" as appearing in the indictment are not necessarily a part of the corporate name but is merely a description of the corporation, its status, and its location. It will be borne in mind that the name, the Mid-Co Tool and Supply Co., is the same in the indictment as in the charter, and the use of the words "Incorporated, of Texas" is descriptive of the corporate name rather than part of the corporate name itself. The indictment set out the offense with which the appellant was charged in plain and intelligible language and is sufficient to support the verdict and judgment, and there was no reversible error in overruling appellant's motion for peremptory instruction on this issue.

The appellant contends that the proof showed the embezzlement of a check rather than the money as charged in the indictment. The indictment charged that the appellant, as an employee of the Mid-Co Tool and Supply Co., did then and there embezzle $401.00. The evidence shows that it was the duty of the appellant to forward the checks that came into his possession as well as the money to the Oklahoma City office of the said company. The appellant contends that by reason thereof the money derived from cashing the check did not come into appellant's possession by virtue of his employment for the reason that all of the evidence showed that the appellant had no authority to cash the check. The appellant asked for a special charge to that effect, which was refused.

We do not believe there was the variance complained of by the appellant for the reason that the appellant did in fact receive the $401.00 which belonged to the company for which he was agent. The undisputed evidence shows that he diverted same to his own use, the check simply being an instrumentality through which the money was received. It is looking to the

form rather than the substance, technicality rather than fact, to say that one who embezzles the money of another through the instrumentality of a check belonging to the party defrauded, upon which he receives the money, obtains only the check and not the money. Under the facts of this case the check was simply used as an instrumentality through which the money came into the hands of the appellant. It is not our intention to hold, nor are we holding, that a variance would not be presented in a case where it was alleged the money was embezzled and the proof merely showed that a check was obtained without any further showing that the money was obtained by cashing the check. We disclaim also any intention of holding that the rule here announced is applicable to cases of ordinary theft. As analogous to this holding, see Robinson v. State, 63 Texas Crim. Rep., 212, 139 S. W., 978; King v. State, 66 Texas Crim. Rep., 397, 146 S. W., 543; Wimer v. State, 48 S. W. (2d) 296.

We are constrained to overrule appellant's contention that there is a fatal variance between the allegations in the indictment and the proof.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Our re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that the proper disposition of the case was made upon the original hearing.

The motion is overruled.

*Overruled.*