IDDIEN REESE CONNER (ALIAS DR. J. A. PIERCE) V. THE STATE.

No. 19044.   Delivered November 10, 1937.
Rehearing Denied (Without Written Opinion) January 5, 1938.

The opinion states the case.

*McLean & Scott*, of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by false pretext; the punishment, confinement in the penitentiary for ten years.

The prosecution proceeded under Art. 1413, P. C., which reads as follows: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

The proof on the part of the State was sufficient to warrant the conclusion of the jury that appellant stole $787.50 from Joe Richardson. Appellant did not testify and introduced no witnesses.

It was alleged in the indictment that appellant obtained from Mr. Richardson $787 in lawful money of the United States, while the evidence showed that appellant and Howard received a check for $787.50 payable to C. O. Howard, or bearer. At the time the check was delivered appellant insisted that Mr. Richardson telephone the Security National Bank and direct that said check be cashed. He complied with this request, and appellant and Howard got in their automobile and drove away. Shortly thereafter Howard entered the bank and cashed the check. Appellant contends that there is a fatal variance between the allegation and the proof with respect to the property he is alleged to have obtained, his position being that the proof fails to sustain the averment in the indictment that he obtained lawful money of the United States. We are not in accord with this contention. Appellant obtained the money of Richardson by a false pretext, through the instrumentality of the check, upon which he received the money. The holding in Wimer v. State, 48 S. W. (2d) 296, is applicable to the present situation. In that case we quoted from State v. Detloff, 201 Iowa, 159, 205 N. W., 534, as follows:

"With respect to the question of variance, we have heretofore, in the Gibson Case (State v. Gibson, 132 Iowa, 53, 106 N. W., 270), recognized that there is a conflict of authority. In the instant case there can be no doubt but that the actual cash was received by the appellant when he personally received payment of the amount of the check or draft at Sioux City from the bank on which it was drawn, so that there is no question here of the agency of an intermediate bank where the check was deposited, a question that has been considered by

some courts as controlling. · People v. Dimick, 107· N. Y. 13, 14 N. E. 178. In the Gibson Case, after adverting to the conflict in the adjudicated cases, and suggesting that the intermediate bank in which the defendant had deposited the check was to be considered his agent for the purpose of collecting it, and that the money was received by the defendant when the check was cashed by the bank upon which it was drawn, we said:

" 'But, however, this may be, there was no variance under any of the cases to which our attention has been called, for the reason that defendant did in fact receive money from the plaintiff (the party defrauded); the check simply being an instrument through which the money was received.'

"This reasoning and this conclusion find ample support in the following cases among others that might be cited: People v. Leavens, 12 Cal. App. 178, 106 P. 1103; People v. Whalen, 154·Cal. 472, 98 P. 194; Hunt v. State, 72 Ark. 241, 79 S. W. 769; 65 L. R. A. 71, 105 Am. St. Rep. 34, 2 Ann. Cas. 33; State v. Palmer, 40 Kan. 474, 20 ·P. 270; People v. Hoffman, 142 Mich: 531, 105 N. W. 838; State v. Stewart, 9 N. D. 409, 83 N. W. 869; State v. Germain, 54 Or. 395, 103 P. 521; State v. Mason, 62 Mont. 180, 204 P. 358; Rand v. Commonwealth, 176 Ky. 343, 195 S. W. 802; State v. Chick, 282 Mo. 51, 221 S. W. 10; State v. Rosenheim, 303 Mo. 553, 261 S. W. 95; King v. State, 66 Tex. Cr. R. 397, 146 S. W. 543; Robinson v. State, 63 Tex. Cr. R. 212, 139 S. W. 978.

"In the light of these holdings, we see no occasion to resolve in favor of the accused, who actually received the money upon the check of the party defrauded, the doubt suggested in the Gibson Case, whether the rule there announced would apply in case of an instrument not amounting to an equitable assignment of the funds of the drawer, or to find in the fact that, under the Negotiable Instruments Act (Code 1924, sec. 9461, et seq.) a check is not such an assignment, any reason for a distinction. It is looking to form rather than substance, to technicality rather than fact, to say that one who obtains the money of another by false pretenses, through the instrumentality of a check of the party defrauded, upon which he receives the money, obtains only the check and not the money. The question of variance was not involved in the case of State v. Smith (162 Iowa, 336, 144 N. W. 32, 49 L. R. A. (N. S.) 834), supra, and what is there said was with reference to the matter of jurisdiction only."

Appellant sought to have the jury instructed, in substance,

to acquit him if they entertained a reasonable doubt as to whether the injured party intended to give the possession of the check to him. It is appellant's position that the absence of consent on the part of Richardson was requisite. As already pointed out, the prosecution proceeded under Art. 1413, supra, which we have heretofore quoted. The proof showed that in obtaining the property appellant used a false pretext. Under the circumstances, the fact that Richardson consented to the taking of the check could not avail appellant as a defense. The consent of the owner, if obtained by means of a false pretext, is no defense to a charge of theft, if the intention of the accused, at the time of the taking, was to divest the owner of his property. Quitzow v. State, 1 Texas Crim. Rep., 65.

Again, appellant sought to have the jury instructed to acquit him if they entertained a reasonable doubt as to whether the money of the injured party came into his possession. It was uncontroverted that appellant and Howard, the party to whom the check was made payable, acted together in obtaining said check. Appellant directed the injured party to make the check payable to Howard, and further insisted that the injured party telephone the bank and instruct that the check be paid. Howard cashed the check. In the main charge, in applying the law to the facts, the court required the jury to believe beyond a reasonable doubt that appellant took the money in question from the possession of Joe Richardson. There is no testimony in the record even remotely suggesting that the money did not come into the possession of the appellant. We are of opinion that the charge was properly refused.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.