Wheeueb, J.
The proof offered by the defendant was quite too remote in its hearing and too uncertain in its character to authorize its admission as evidence of any fact in issue between the parties. There was no error in its rejection.
It is objected to the charge of tlie court that it was not applicable to tlie pleadings and issue. It is evident from tlie original and amended petition that tlie plaint iff did not seek to recover on tiie alleged promise, hut the recovery sought was for the damages sustained by the plaintiff in the injury done to his property by its appropriation by the defendant to his service and use without tlie authority or consent of -the plaintiff. Tlie right to such recovery was tlie question in issue, to which the jury were required to respond. And the charge in question was a response to the law of tlie ease submitting to the decision of the jury the question of fact. It was therefore pertinent and proper. Tlie objection assumes that tlie action was brought upon the alleged promise. Such, however, manifestly was not the ease. The statement of the cause of action would doubtless-have been more intelligible and sensible had the pleader had more regard to the real facts of his ease and less to common-law forms. But it was, it is conceived, sufficiently so to apprise the defendant of the real cause of action intended to be relied on, and more than this cannot be required.
A now trial it is insisted should have been awarded on the grouud of surprise and of tlie insufficiency of the proof. The petition, it is true, embraces unnecessary and irrelevant matter; yet it is scarcely possible that this or the forms employed in stating tlie cause of action could have deceived or misled the defendant as to the true cause of complaint against him or the facts intended to be. relied on in evidence. And it is apparent that the alleged surprise and want of preparation for tlie trial were not occasioned by the want of sufficient certainly in the petition to apprise the defendant of tlie cause of action or the want of a knowledge on Ills part of what Iliac really was, hut a misapprehension as to the character of evidence which tlie plaintiff would he required to produce to entitle him to recover. For in his affidavit in support of his motion for a new trial it is stated that he “believed, and was so advised by his counsel, “that tlie. plaintiff, to recover in this suit, must produce some clear and direct “proof that the defendant had exercised some control over said negro, *272 “ or had procured him to do the work for him, ” which he avers he had not done. It is thus apparent that the real cause of the surprise was tiie belief that cir-cumstancial evidence would not be sufficient to entitle the plaintiff to recover, and that there must be direct and positive proof of the defendant’s immediate personal agency in the employment of the negro to establish his liability. The mistake arose from supposing that the jury would not be warranted in drawing the conclusion that the defendant did in fact thus employ the negro from circumstantial evidence, but that an express contract or employment must be proved. This was a mistake; not, however, as to the necessity in fact of the defendant’s agency to render him liable, but as to the manner of proving the fact. It was necessary to render the defendant liable for this injury that he should be chargeable in fact with having employed or authorized the employment of the negro about the work. It would be a daugerous doctrine to hold a man responsible for injuries occasioned to others without his authority or agency, though it may have been upon his premises, or even in rendering him a service, if it was not done by his authority or procured to be done by his agency. The defendant must have employed or have authorized the employment of the negro. But such employment need not necessarily be proved by direct and positive evidence, but may be sufficiently established by proof of such circumstances as either necessarily or naturally lead to that conclusion. There may be circumstances of so conclusive a character and tendency as to afford as satisfactory proof of the fact of employment as if an express contract were proved, or at least sufficient to warrant a jury in so finding. Tiie mistake as to tiie law in this particular may have resulted in a hardship to the defendant; and from the statements contained in the affidavits of witness made in support of the application for a new trial, there is much reason to apprehend that it has in truth so resulted. There is reason to believe that if lie liad not been able to show the entire absence of any agency in the employment of the negro he would at least have been able to reduce the verdict by showing him to have been of less value than that placed upon him by the witnesses at the trial. But the hardship, if it be one, is such as this court ■cannot relieve. The defendant offered no proof upon the trial touching- his •own liability or the value of tiie negro; and the only reason assigned is his mistaken belief that it was not necessary. Tiie fact that the party was induced ■to rest in security by such a mistake of law, and was not prepared with witnesses to rebut or explain the evidence adduced against him was not a sufficient legal ground for awarding him a new trial.
As to tiie sufficiency of tiie evidence to warrant the finding for the plaintiff ■.there may be more reason to hesitate. When, however, we take into consideration tiie character of the employment, tiie fact that it was at the defendant’s residence, in the day time, on tiie Sabbath, and that tiie defendant was seen going for means to extricate the negro from tiie well, apparently immediately after the happening of the accident, and that the work must have been progressing- during the day, wo cannot say that the circumstance^ were not sufficient to warrant the jury in the conclusion that the defendant must have had a knowledge of the employment of the negro, and that he would not have •been thus employed at such a time without the defendant’s express authority and agency. We cannot therefore say that the evidence was not sufficient to warrant tiie verdict.
We have noticed the objection to tiie charge of the court that it was not applicable to tiie issue. It was not, it is conceived, erroneous as applied to the evidence. If the negro was thus “ engaged ” or employed with the knowledge and consent, under tiie circumstances proven, and without explanation, tiie presumption we think would he that it was by the procurement of the defendant. Our opinion therefore is that there is no error in the judg-ment, and that it ■be affirmed.
Judgment affirmed.