# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1869.

---

### T. Van der Hoven v. A. Nette.

1—Payments in Confederate money during the rebellion, which were accepted without objection at the time they were made, can not be avoided on the ground that they were received only because the recipient stood in dread of the rebel authorities, who then denounced and threatened all persons who refused to accept Confederate money in discharge of their dues. Such general apprehension is not duress.

2—The common law of duress has been much modified in modern times by the courts, but it has not been abrogated.

3—Though duress, even by a stranger, may enable a maker of a contract to avoid it, yet the duress must have been imposed by overt acts of violence or by threats, at the time of the making of the contract.

4—Vague and undefined fears of violence, from nobody in particular, but from everybody in general, at some indefinite future time, and with no cotemporaneous demonstration of violence, do not constitute duress in contemplation of law.

5—The duress relievable by the courts must have been a direct personal duress. Mere general menaces leveled at all protestants against the popular will could not constitute such duress as is cognizable by the courts.

APPEAL from Bexar. Tried below before the Hon. Thomas H. Stribling.

This suit was brought by the appellant against the appellee, to the Spring term, (1868,) of the District Court of Bexar county. The facts are indicated in the opinion.

*W. B. Leigh*, for the appellant.

*Waelder & Upson*, for the appellee.

LINDSAY, J.—This is a suit for interest, payable by instalments, upon a note executed April 6th, 1861, due two years after date, for the sum of one thousand dollars. The petition alleges that the instalments were payable in specie, whereas the payments were actually made in Confederate money, which were not objected to by the payee at the time of the several payments, because he stood in fear of the rebel authorities, who then denounced and threatened all persons that refused to take it in satisfaction of their demands. Is this such duress in law as will avoid the acceptance as a satisfaction of the demand? We think not.

It is true that the strict rigor of the common law rule in the application of the doctrine of duress to the avoidance of contracts has been much relaxed in modern times in the action of the courts, though the rule itself has never been abrogated by positive law. It is also true that if the duress be imposed by a stranger, even when the beneficiary is no party to the duress, a contract, or obligation thus obtained, may be, and is, invalid, under certain circumstances, and the party imposed upon may avoid it. But that duress must be imposed upon the party by some overt acts of violence or threats, at the moment of making the contract, or of entering into the obtested engagement. Vague and undefined fears of violence from nobody in particular, but from everybody in general, at some uncertain period, without some cotemporaneous demonstration of violence, is not the duress contemplated by law. Besides, a general threat of violence to a whole community for the non-observance of the popular will, is not a *personal* imposition of that duress defined by law, of which a party may judicially avail himself in avoidance of his contracts or engagements. It is a direct personal imposition of duress, for which a right may be reclaimed, or a defense set up for the recision of such contract or engagement. So that the testimony proposed to be introduced by the appellant on the trial, if it had been admitted, and had fully corroborated all the allegations in the petition in that regard, it would not have made out a case of duress,

which would have authorized the plaintiff to recover the interest alleged in his petition to have been paid in Confederate money without objection from him at the time of such payments. From this view of the case it is not necessary to inquire into the ruling of the court, as to the force and effect of the receipts as evidence. The judgment is affirmed.