BRUNS KIMBALL & CO. v. AMUNDSEN.*
(No. 7240.)

(Court of Civil Appeals of Texas. Galveston. June 16, 1916. Rehearing Denied Oct. 5, 1916.)

1. APPEAL AND ERROR ☞544(2)—ABSENCE OF STATEMENT OF FACTS.

In the absence of a statement of facts, the Court of Civil Appeals cannot review the alleged error committed by the court in overruling the plaintiff's motion for a peremptory instruction based on the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2424, 2428, 2478; Dec. Dig. ☞544(2).]

2. FRAUD ☞34 — MISREPRESENTATION — PLEADING.

The buyer of a gasoline engine, who, when sued on a note for a portion of the price, filed a cross-bill charging that by the fraudulent misrepresentations of plaintiff he was induced to part with a sum of money, for which he received nothing of value, seeking to recover it, no rescission or cancellation of the contract of sale being prayed for, could recover on his cross-bill, though it alleged that after he received the engine and discovered its defects he retained it, as his suit was to recover for fraud and not for a rescission.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. ☞34.]

3. SALES ☞130(2)—REMEDIES OF BUYER—RESCISSION.

Where the buyer of a gasoline engine, sued on a note given for part of the price, filed a cross-bill seeking rescission and cancellation of the contract of sale, alleging that after he received the engine and discovered its defects he retained it, but not stating that he ever used it at all or that he never tendered it back to plaintiff and demanded rescission, the admissions in the cross-bill were insufficient to defeat rescission.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 323; Dec. Dig. ☞130(2).]

4. JUDGMENT ☞251(1) — CONFORMITY TO PLEADING.

In suit on a note given for part of the price of an engine, where defendant, alleging fraud, pleaded total failure of consideration for the note, alleging the engine was worthless, he could nevertheless recover $750, the difference between the $1,000 paid by him in cash and the $250 which the jury found the engine was worth, since a partial failure of consideration may be shown under plea of total failure on the theory that the greater includes the less.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. ☞251(1).]

5. APPEAL AND ERROR ☞544(2) — REVIEW — REFUSAL OF CHARGES.

Where there is no statement of facts, the Court of Civil Appeals cannot say that the trial court erred in refusing to give special charges, requested by plaintiff, the propriety of which depended on the state of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2424, 2428, 2478; Dec. Dig. ☞544(2).]

6. TRIAL ☞136(1)—SUBMISSION OF ISSUES.

The trial court is never justified in submitting any issue to the jury unless it is raised by both the pleadings and proof.

[Ed. Note.—For other cases, see Trial, Dec. Dig. ☞136(1).]

7. APPEAL AND ERROR ☞928(3)—ABSENCE OF STATEMENT OF FACTS—SUBMISSION OF ISSUE.

In the absence of a statement of facts, the Court of Civil Appeals must assume that the evidence raised the issues submitted to the jury by the trial court, and that no other issues, even if raised by the pleadings, were sustained by the proof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3751; Dec. Dig. ☞928(3).]

Error from District Court, Galveston County; Clay S. Briggs, Judge.

Suit by Bruns Kimball & Co. against Gus Amundsen. To review a judgment for defendant, plaintiff brings error. Affirmed.

Stewarts, of Galveston, for plaintiff in error. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for defendant in error.

McMEANS, J. Bruns Kimball & Co., a corporation, brought this suit against Gus Amundsen to recover $500 upon a promissory note executed by defendant to plaintiff on February 15, 1913, bearing 6 per cent. per annum interest from date, and to foreclose a mortgage on one 70 horse power twentieth century gasoline engine, given as security for the payment of said note. Plaintiff alleged that on the 15th day of February, 1913, it sold to defendant the said gasoline engine for the sum of $1,500, and that defendant paid upon the purchase price the sum of $1,000 and executed said note to it for the remaining $500. It further alleged the gasoline engine to be worth $600 and no more.

A contract of sale which was entered into by the parties and attached as an exhibit to and as part of the petition contains the following provisions:

"First. Bruns Kimball & Company hereby agrees to sell to Gus Amundsen one seventy horse power twentieth century gasoline engine upon the terms and conditions herein contained.

"Second. Gus Amundsen agrees to purchase the said seventy horse power twentieth century gasoline engine conditioned that said engine conforms to the warranties contained in the correspondence between the parties concerning the sale thereof, and to pay for the same the sum of $1,500.00, to be paid as follows: $500.00 cash, which is hereby acknowledged by the said Bruns Kimball & Company; $500.00 upon the delivery of the said gasoline engine, and by executing a promissory note to the order of Bruns Kimball & Company for the sum of $500.00, payable on the 21st day of May, 1913."

The defendant in defense of plaintiff's suit upon the note pleaded failure of consideration, alleging:

"That the plaintiff had represented to this defendant by correspondence and otherwise that the engine they were offering to him for sale was of sound workmanship, free from defects and in good working order, and that he would be fully satisfied with same; that he was by the plaintiff required to pay the sum of $1,000 in advance as a part of the purchase price of said engine and to execute the note sued on by plaintiff for $500 more before this defendant had any opportunity to see or inspect the said engine or have it assembled or have it placed in position in one of his boats at the port of Galveston; that immediately after said engine was shipped to him by plaintiff, after he had paid said $1,000 and executed said aforesaid note for $500, the said defendant received said engine and had it

installed in one of his boats and discovered that said engine was not as represented by plaintiff and was not a good nor sound nor perfect engine and was not free from defects, but that said engine was old, defective, cracked in many places, practically worthless, and unfit for use; that he immediately engaged skilled mechanics to work upon the said engine in an honest attempt to make said engine useful and of some value to him, in the meantime reporting all of said facts to the plaintiff; and that he faithfully, with his said mechanics, endeavored to utilize and use said engine, but was unable to do so because of the worn-out and defective and cracked engine and its defective parts at the time said engine was received by this defendant, all of which facts this defendant informed the plaintiff as soon as this defendant had an opportunity with his skilled mechanics to inspect said engine and to test its parts and see whether or not it would do the work it had been warranted and represented to do by the plaintiff to this defendant, but that after many attempts to use said engine and to repair said engine, and after expending much time and labor and money in an honest endeavor to repair said engine and make it useful, this defendant was forced to abandon this engine and to store the same, and that said engine was of no value whatever to this defendant in the condition in which it was received by him."

Defendant then pleaded a cross-action against plaintiff to recover the money theretofore paid by him before and at the time of the delivery of the engine to him, in which he alleged:

"That plaintiff misrepresented the condition of said engine which it was offering by mail and correspondence to this defendant about the time this defendant conditionally agreed with plaintiff to purchase said engine, as is specified in the first and second paragraphs of the contract executed between plaintiff and defendant on or about February 25, 1913, which is attached to and made a part of the plaintiff's petition, wherein plaintiff agreed and conditioned with defendant that the said engine would conform to the warranties contained in the correspondence between the parties concerning the sale of said engine by the plaintiff, and defendant again alleges that because of the worn, defective, and valueless condition of said engine, and because its parts were cracked and not susceptible of repair and not capable of use, the said plaintiff did by its fraudulent misrepresentations and by its deceit as to the condition, quality, and value of said engine, fraudulently induce this defendant to pay to this plaintiff the sum of $1,000 as a part of the conditional sale of said engine and as specified before in this answer the said defendant received no value for his said sum of $1,000 and ought to recover said sum of defendant in this suit.

"Wherefore, all premises considered, defendant again prays that the plaintiff take nothing by its suit, and that defendant on this cross-bill have judgment over against plaintiff for said sum of $1,000, which plaintiff obtained from defendant by reason of its fraud and deceit and misrepresentations, as aforesaid, and defendant also prays for such other and further relief as he may by law and equity be entitled to receive, and for his costs, in this behalf expended."

The case was submitted to the jury upon special issues as follows:

"(1) Did the twentieth century engine, delivered by plaintiff to defendant, substantially comply with the contract in evidence of February 15, 1913?" To which the jury answered, "No."

"(2) What was the reasonable market value of the engine at the time of delivery?" To which the jury answered, "Two hundred and fifty dollars."

Upon the return of the answers of the jury, the court entered judgment that plaintiff take nothing by its suit against defendant upon the note, and that the defendant recover of plaintiff the sum of $750 on his cross-action. From this judgment the plaintiff has appealed.

[1-3] Appellant's first assignment of error is as follows:

"Because the court erred in overruling the motion, made by plaintiff at the conclusion of all the evidence, requesting the court to peremptorily instruct the jury to find a verdict for the plaintiff, in accordance with the prayer of its petition, and against the defendant on his counterclaim and cross-action, such instruction being designated as plaintiff's requested charge number two; for the reason that all of the evidence introduced in the case shows that the defendant accepted the gasoline engine in controversy and immediately discovered the alleged defects therein, but that he nevertheless retained said engine and used same as his own for a period of six months, at the expiration of which time he sold and disposed of the said engine without ever at any time having tendered the same back to the plaintiff, or having demanded a cancellation and rescission of the contract for the sale of such engine."

No statement of facts accompanies the record in this case, and it is quite manifest that in the absence of a statement of facts the matters complained of in this assignment cannot be reviewed by the appellate court, unless, as appellant insists, the admissions of defendant in his answer are sufficient for this purpose. The allegations of the answer relied upon to sustain the assignment were embraced in defendant's plea of failure of consideration, and, as collated by appellant, are as follows:

"* * * That immediately after said engine was shipped to him by the plaintiff * * * the said defendant received said engine and had it installed in one of his boats and discovered that said engine was not as represented * * * and was old, defective, cracked in many places, and practically worthless; * * * that after many attempts to use said engine and to repair same * * * defendant was forced to abandon this engine and to store the same."

Appellant contends that:

"The record discloses nothing that explains or extenuates the failure of the defendant to demand a rescission or cancellation of his contract or to tender back to plaintiff the engine within a reasonable time after the discovery of its condition."

The vice in appellant's position, as taken in the assignment, as well as throughout its brief, is that the defendant's cross-action was for a rescission and cancellation of the contract of sale. The pleading is set out in full above, and in our opinion is susceptible of no such construction. He alleged in his cross-bill, in effect, that plaintiff, by fraudulent representations and deceit as to the condition, quality, and value of the engine, induced defendant to pay to it $1,000 as a part of the purchase price, and that defendant received nothing of value for the sum so paid, and that he should recover said sum from plaintiff. No rescission or cancellation

of the contract of sale was prayed for; but the cross-bill, viewed as a whole, only charges that by the fraudulent misrepresentations of plaintiff the defendant was induced to part with a sum of money, for which he received nothing of value, and sought to recover it.

But even if the defendant's cross-bill be construed as one for rescission of the contract of sale, we do not think that the pleading relied on as evidence is sufficient to sustain the assignment, in that it is not shown thereby that defendant retained and used the engine for a period of six months, as contended in the assignment, or for any other definite period, and that he sold and disposed of it at that time; nor does it affirmatively show that he never tendered the same back to plaintiff and demanded a rescission of the contract of sale. The pleading relied upon shows, only, that defendant did not discover the alleged defects until he had installed the engine in one of his boats; it does not show that he ever used it at all, but only that he attempted to use it but could not do so; the time during which he made efforts to use it was not specified, nor was the length of time he kept it before he stored it stated. The meager facts stated in the pleadings do not bring this case within that class of cases relied upon by appellant, viz. Houston Motor Car Co. v. Brashear, 158 S. W. 233, and Southern Gasoline Eng. Co. v. Adams, 169 S. W. 1144. The assignment is overruled.

[4] The second assignment cannot be sustained. It is true that the defendant pleaded a total failure of consideration for the note sued on, alleging that the engine was worthless. The jury found that the engine had a value of $250. While the evidence upon which the jury made this finding is not before us, we may assume that the finding was justified. The contention that a plea of total failure of consideration "must be sustained in its entirety" cannot be allowed. It has too often been held to require the citation of authority that a partial failure of consideration may be shown under a plea of total failure, on the theory that the greater includes the less.

[5] The third, fourth, fifth, and sixth assignments complain of the refusal of the court to give to the jury certain special charges requested by plaintiff. Whether these charges should have been given depends upon the state of the evidence, and, as the facts are not before us, we cannot say that the court erred in refusing to give them. It does not appear that the requested charges were presented to the trial judge at such time as to require his consideration of them, and no bills of exception were reserved to the action of the court in refusing to give them.

[6, 7] The seventh, eighth, ninth, tenth, and eleventh assignments complain that the court erred in submitting the issues that were submitted, for the reason "that such issues do not correctly cover the issues in the case."

The court is never justified in submitting any issue to the jury unless it is raised by both the pleadings and proof. In the absence of a statement of facts, we must assume that the evidence raised the issues that were submitted, and that no other issues, even if raised by the pleadings, were sustained by the proof. Hence the assignments are overruled.

We have sufficiently disposed of the twelfth assignment by what we have said in disposing of the first.

We find no error in the record requiring a reversal, and the judgment of the court below is affirmed.

Affirmed.