**WERTH et al. v. TEVIS et al.**   **(No. 903.)**

(Court of Civil Appeals of Texas. Beaumont. Feb. 12, 1923.)

1. **Appeal and error**  ◎⟩499(3)—**Objections to evidence must be reserved by bill of exception.**

Objections to evidence must be reserved by bill of exception, or they are not reviewable on appeal.

2. **Appeal and error**  ◎⟩231(5)—**Objection to evidence as "immaterial, irrelevant, and inconsistent" will not raise the question that it impeaches another witness for the same party.**

An objection to evidence as being "immaterial, irrelevant, and incompetent, and therefore prejudicial," is insufficient to raise the question that it contradicts and in effect impeaches a witness already called by the same party, and such objection, not specifically raised below, cannot be heard on appeal.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Suit by Ethel Werth and another for an injunction against Eva Tevis and another. From judgment for defendants, plaintiffs appeal. Affirmed.

See, also, 233 S. W. 1116.

Sam C. Lipscomb, of Beaumont, for appellants.

David E. O'Feil, of Beaumont, for appellees.

HIGHTOWER, C. J. This controversy grew out of the following facts: Mrs. Eva Tevis, one of the appellees, held a judgment against Abe Werth in the sum of $300, to satisfy which she caused to be issued an execution which was about to be levied by T. H. Garner, as sheriff of Jefferson county, upon a small stock of merchandise in the city of Beaumont, in a place of business run by Abe Werth. Mrs. Ethel Werth, wife of Abe Werth, commenced this suit by an application to the county judge of Jefferson county for an injunction to restrain and enjoin the levy of the writ of execution upon the stock of merchandise, claiming in her petition, in which she was joined pro forma by her husband, that the stock of goods did not belong to Abe Werth, but that she was the owner of such goods in her own separate right. A temporary injunction was issued, and, when the case was reached for trial upon its merits, it was tried with a jury, and the issue of fact as to the ownership of the stock of merchandise was determined by the jury adversely to appellants, upon evidence admittedly sufficient to sustain the verdict in favor of the appellees here, and judgment was entered accordingly in favor of the appellees against appellants, and the sureties on the injunction bond for the amount claimed by appellees, for which judgment this appeal is prosecuted.

[1] By the first assignment, complaint is made that the trial court committed error prejudicial to appellant in permitting the introduction in evidence of a certain written complaint that was made in a criminal case, in which it was stated, in effect, that the stock of merchandise involved in this suit and now claimed by Mrs. Werth as her separate property, was in fact the property of her husband, Abe Werth. We dispose of this assignment by saying that if it be a fact that the evidence here complained of was introduced over appellants' objection, there is no bill of exception in the record saving such point, and for that reason we overrule the assignment. It is, of course, elementary, that all objections to the ruling of the trial court in admitting or rejecting evidence must be preserved by proper bill of exception before an appellate court would be authorized to review the trial court's ruling.

[2] By the second assignment, appellants complain of the trial court's action in permitting appellees to contradict the evidence of Abe Werth, after they had called him to the witness stand, thereby making him their own witness and vouching for his veracity, etc. The record in this connection shows that the appellees did call Abe Werth to the witness

stand, and interrogated him relative to the ownership of the stock of merchandise in question, and the substance of his evidence in that connection was that the merchandise belonged to his wife. Thereafter, over appellants' objection, appellees were permitted to introduce in evidence certain records of the tax assessor's office, showing rendition of the property in controversy by Abe Werth as his own. It is appellants' contention that the action of the court in permitting the introduction of these records was, in effect, to permit appellees to impeach their own witness, which was not permissible. In support of this contention, they cite Paxton v. Boyce, 1 Tex. 324, and Goree v. Goree, 22 Tex. Civ. App. 470, 54 S. W. 1036. It is unnecessary to determine whether the rule announced by the above authorities has application to the matter here complained of, for the reason that the bill of exception reserved to the action of the court in this connection fails to show that the objection which appellants would now make to the evidence complained of was interposed in the trial court. The only objection made to this evidence in the trial court was that the tax records were "immaterial, irrelevant, and incompetent, and therefore prejudicial to appellants."

The rule is well settled in this state that objections to evidence not interposed in the trial court, when the evidence is offered, cannot successfully be interposed in the appellate court. Wheeler v. Railway Co., 91 Tex. 356, 43 S. W. 876; Holland v. Riggs, 53 Tex. Civ. App. 367, 116 S. W. 172. Practically innumerable authorities might be cited on this point. The evidence complained of was certainly relevant and material to the only issue of fact in the case, and, if competent, was properly admitted. If it was not competent, the reason for its incompetency should have been called to the attention of the trial court, which was not done. The assignment must be overruled.

This disposes of all contentions adversely to appellants, and the judgment is affirmed.