TOM G. STEPHENSON v. THE STATE.

No. 20642. Delivered December 6, 1939.
Rehearing Denied February 7, 1940.

The opinion states the case.

*John A. Veillon* and *O. M. Lord,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is embezzlement. The punishment assessed is confinement in the state penitentiary for a term of five years.

It appears from the record that appellant is an attorney engaged in the practice of law in the City of Beaumont, and was so engaged on the 24th of September, 1931. On that day, Bill Forney, who was injured while employed by the Chronister Lumber Company, entered into a written contract with appellant to file for him with the Industrial Accident Board a claim for compensation and to represent him at the hearing thereof before the Board. In consideration of said services, appellant was to receive 15% of the first $1,000 and 10% of any excess thereof. Under the terms of said contract, appellant had full authority to settle, adjust and compromise the claim as he might deem just and proper, with full power and authority to collect and receive all moneys, sign all receipts, checks and releases, and to do and perform all acts necessary to be done. By virtue of his employment, appellant received and collected from the Texas Employers Insurance Association $498.52, evidenced by two checks—one of $74.78 payable to appellant as his share under the contract, and one in the amount of $423.74 payable to Bill Forney. These checks were received by appellant about March 5, 1932. He failed to forward Forney his check. Forney made inquiry by letter as to when he would receive his award. On May 12th, appellant replied to Forney's letter and stated that the company would pay off soon, about the first or middle of June, 1932. At this time appellant had alreaady collected the money awarded to his client by the Industrial Accident Board.

Appellant denied that he embezzled the money. His version of the transaction was that he had advanced Forney at one time $5.25 and at another time $50; that he had paid hospital fees of $17.50, doctors' bills of $30, plus a small bill of $2.20 which amounted to the total sum of $144.95. That in the settlement which he made with his client, Forney, the amount was deducted and the balance given to him in cash and by a cashier's check in the sum of $225.52. Appellant asserted that he went with Forney to the bank in Beaumont and identified him when he cashed the check. No one in the bank seems to have seen the injured party with appellant at the time of this alleged transaction.

Appellant contends that the evidence is wholly insufficient to sustain his conviction for embezzlement of money over the value of $50: (1) Because if he is guilty of any offense, it is theft by bailee, and (2) because if he is guilty of embezzlement, he is not guilty of embezzlement of money but of a check. Neither of his contentions is tenable. He was the trusted agent and attorney for Forney and by virtue of his employment he came into possession of the check which was but the means by which he obtained the money, and this money he converted to his own use and benefit. See Bennett v. State, 60 S. W. (2d) 790.

Appellant also contends that there is a fatal variance between the allegations in the indictment and the proof adduced by the State in this: The indictment charged that appellant was the agent and attorney in fact of Bill Forney, and as such agent and attorney in fact did unlawfully and fraudulently embezzle, misapply and convert to his own use, $423.74, belonging to said Bill Forney, etc. The proof shows that appellant was an attorney at law, and that Forney employed him to prepare and file a claim with the Industrial Accident Board and to represent him at the hearing thereof. The proof also shows that Bill Forney, by written power of attorney, appointed appellant his agent and attorney in fact to settle, adjust and compromise the claim as he might deem proper, with full power and authority to collect and receive all moneys, sign all receipts, checks and releases of whatsoever nature and to do and perform all acts necessary to be done in the premises, etc. Without a doubt, appellant acting as an ordinary attorney had only such limited authority as was necessary or incidental to the prosecution of the claim to final judgment. But for some reason best known to appellant, he obtained a written power of attorney under which he might act as agent and attorney in fact, with his authority extended much further than an ordinary attorney, as will be noted from the above statement herein. Under his authority as attorney he could not legally endorse any check payable to his client; nor could he execute any release, but under the power of attorney he did have such authority. When the claim of Forney was settled and the two checks, in full settlement of the claim were delivered to appellant, all legal duties required of him as attorney-at-law ceased, and then, when he endorsed and cashed the check payable to his client, he acted under the authority of the power of attorney. He could not have been prosecuted for forgery, because he had the express authority under the power of attorney to endorse the check. Appellant cites us to

the case of Harkins v. Murphy & Bolanz, 112 S. W., 136 as sustaining his contention. We do not regard that case in point because in that case Harkins, who was appointed by Kruegel as his agent and attorney in fact, was not an attorney and could not legally prosecute the suit. We do not deem it necessary to further draw a distinction between that case and the one at bar, because a casual reading thereof will disclose a difference. A most careful consideration of the question leads us to the conclusion that there is no fatal variance.

Bill No. 1 complains of the introduction in evidence of the contract, coupled with a power of attorney executed by Forney. The objection thereto was that it was not properly proved or identified as the one executed by Bill Forney. The contract was identified by Forney as the one he executed. Hence there was no error in admitting it in evidence. Appellant, who testified in the case, did not deny the authenticity of the contract.

Bill of exception number two reflects the following occurrence. Appellant placed one, F. P. Knapp on the witness stand, who testified that he was in the office of appellant some time between the 1st and 15th of March, 1932. That while in the office he saw Bill Forney there, and that appellant was forced to quit some work he was doing for him (Knapp) at the time and go with him, Forney, to the bank to get the check cashed. This witness stated that he was having some conveyances drawn from the Southwestern Settlement & Development Company to himself, and from himself to Ike Mitchell, conveying the same land. That these deeds of conveyance were recorded in Orange County and by looking at the Deed Records of Orange County they could get the date that he was in appellant's office. The State called Mrs. Ethel Burton, the Chief Deputy County Clerk of Orange County, who testified that she had brought the index to the deed records of said county with her and had made a search of the same to see if she could find any conveyance from the Southwestern Settlement & Development Company to F. P. Knapp in the year 1932, but had been unable to find any. Neither did she find any conveyance from Knapp to Ike Mitchell. She stated that she did find a conveyance from Knapp, et al to Southwestern Development Co. describing 20 acres of land dated March 20, 1935, this being the same land conveyed in 1931 from the Southwestern Settlement & Development Co. to Knapp. This testimony was offered by the State to refute that given by Knapp to the effect that he saw Forney in appellant's office and saw appellant accompany Forney to the bank with a check. Appellant

objected to the introduction of this testimony and the records on the ground that Knapp had not identified the transaction sufficiently to connect it with the records offered in evidence. We cannot agree with him. He specifically referred to the conveyance from the Southwestern Settlement & Development Company to himself and from himself to Ike Mitchell. He went further and stated that the day that he was in appellant's office and saw Forney there could be definitely ascertained by the deed records of Orange County, where the instruments referred to bearing the date might be found. We think the evidence was clearly admissible in rebuttal to the testimony given by Knapp.

A great many objections have been urged against the court's charge. If there was any error in the charge, it was not specifically pointed out as required by Art. 658, C. C. P. See Fiveash v. State, 67 S. W. (2d) 881. His objection that the court failed to instruct the jury upon the law of circumstantial evidence is without merit, inasmuch as there is direct and positive testimony that appellant received the amount of the award made by the Industrial Accident Board to Forney which he never delivered to him. Mr. Pondrom, vice-president of the bank, testified that appellant exhibited the power of attorney to him as his authority to cash the check, and that in pursuance thereof, the check was cashed for him.

We have carefully examined all other matters complained of by the appellant, but find none that would require a reversal of the case.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again offers herein propositions which were written upon in our original opinion, and which we think were there properly decided.

He further urges that the court was in error in its charge to the jury, as shown by his objections to the court's charge, as follows: "The defendant objects to the two paragraphs of the court's charge wherein the court instructs the jury if a settlement was made with Bill Forney to acquit the defend-

ant, because the court does not instruct the jury that if they had a reasonable doubt that they should give the defendant the benefit of the doubt."

While such objected to charge may have been inaptly worded in the first portion thereof in that it might be contended that the court required the jury to have believed beyond a reasonable doubt that certain moneys belonging to Bill Forney came into defendant's possession, and that thereafter a full and complete settlement was made with Bill Forney, such would be but a strained construction of the entire paragraph, because the court immediately thereafter did apply the doctrine of reasonable doubt to the acceptance of such settlement by Forney, and to appellant's right to an acquittal based thereon.

Again we find practically the same defense charged upon by the trial court in the preceding paragraph of such charge, as follows: "If you believe from the evidence, or if you have a reasonable doubt thereof, that the defendant received certain monies as agent and attorney in fact of said Bill Forney, and thereafter paid or delivered to said Bill Forney the amounts due him therefor, after deduction of advances and expenses, if any, paid by the said defendant to the said Bill Forney or for his benefit, then you will acquit the defendant and say by your verdict not guilty."

We also note that the court's charge also embodies a paragraph applying the doctrine of reasonable doubt to the whole case.

The objections of appellant to the paragraph in the court's charge first above discussed are vague and indefinite, and while same might have properly applied to a portion of the paragraph, it would not apply to a major portion thereof, and is so general that we think it fails to point out the particular point claimed to have been erroneous. We think the objection is too general and not sufficient to call the court's attention to any alleged error in his charge. See Boss v. State, 134 Texas Crim. Rep. 593; Clinton v. State, 104 S. W. (2d) 39; Crabtree v. State, 127 S. W. (2d) 906.

The remaining matters contained in the motion have been discussed in the original opinion, to which ruling we still adhere.

The motion is overruled.