CORRIGAN v. HEARD et al.

No. 11969.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 16, 1949.

Rehearing Denied Dec. 14, 1949.

Patrick J. Horkin, Jr., Corpus Christi, Jerry D'Unger, Corpus Christi, for appellant.

Geo. P. Morrill, Beeville, Francis T. Morrill, Beeville, Dougherty & Dougherty, Beeville, Wade & Wade, Beeville, Reese D. Wade, Beeville, Carrington, Gowan, Johnson & Walker, Dallas, W. C. Gowan, Dallas, W. L. Leeds, Dallas, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by Agnes M. Corrigan against Claude E. Heard and others, seeking to set aside certain conveyances of real property and bills of sale to personal property alleged to have been executed under duress. She further sought to recover damages for injuries to her character and reputation, by reason of alleged slanderous and libelous statements uttered and published by defendants, which statements charged her with the commission of the crimes of embezzlement, theft and forgery. A further recovery was sought by Agnes M. Corrigan as compensation for services performed under an implied contract with defendant Claude E. Heard.

Claude E. Heard, by way of cross-action, sought to recover from plaintiff the sum of $256,624.58, alleged by him to have been embezzled, misappropriated and stolen from him by Agnes M. Corrigan.

The trial was to a jury who found that appellant was not under duress at the time the conveyances and bills of sale were executed, that the utterances and statements made and published by Claude E. Heard were true and that Agnes M. Corrigan had embezzled $128,312.29 from Heard. The jury further found that she had received all of the compensation to which she was entitled.

Judgment was rendered in keeping with the findings of the jury and from this judgment Agnes M. Corrigan has prosecuted this appeal.

Appellant's first point is as follows: "An action as for conversion brought by a bank depositor against a person who has withdrawn the depositor's funds from the bank will not lie."

This point is said to be germane to assignments of error Nos. 1, 2, 3, 4, 5, 6, 7, 10 and 11. As the point is very general in its nature and does not direct the attention of this Court to the error relied upon as is required by Rule 418, Texas Rules of Civil Procedure, we turn to the assignments of error to determine just what error of the trial court is complained of. We find that appellant's first seven assignments of er-

ror relate to the rulings of the court in admitting certain evidence. There are no bills of exception showing just what the testimony was, the objection made thereto and the ruling of the court thereon, nor are these matters otherwise shown of record, as there is no statement of facts filed herein. Appellant has filed three bills of exception herein, but they do not relate to the matters complained of in assignments 1 to 7.

In the absence of bills of exception or a statement of facts we cannot consider assignments of error relating to the admission or exclusion of evidence. Saros v. Strickland, Tex.Civ.App., 148 S.W.2d 865; Maryland Casualty Co. v. Long, Tex.Civ. App., 9 S.W.2d 458; Werth v. Tevis, Tex. Civ.App., 248 S.W. 767.

Appellant's assignment No. 10 relates to the action of the court in overruling appellant's request for an instructed verdict. In the absence of a statement of facts we are unable to determine whether or not the court erred in overruling appellant's request for an instructed verdict. Bruns Kimball & Co. v. Amundsen, Tex. Civ.App., 188 S.W. 729; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473; C. A. Elmen & Co. v. Godsey, Tex.Civ.App., 116 S.W. 1178.

Appellant's assignment No. 11 relates to the action of the court in overruling her objections to the charge. Here, again, in the absence of a statement of facts, we are in no position to pass upon the question as to whether the trial court properly overruled appellant's objections to the court's charge, but we must presume the court's charge was justified by the evidence. There is no assignment of error complaining of the court's rulings on the pleadings and certainly the pleadings were sufficient to justify the judgment rendered herein.

Appellee Heard, among other things, alleged that appellant was his employee for a period of over twelve years prior to December 10, 1947. That, as confidential secretary in whose loyalty and integrity he had implicit confidence, for the purpose of assisting him in the transaction of his business, he had authorized her signature on checks drawn on his bank accounts in the First National Bank of Dallas and the Commercial Bank of Beeville; that her signature was so authorized for the purpose of drawing checks to cover expenditures or payments which he had expressly approved. That unknown to him and without his consent and authority, appellant, over a period of four years, had drawn many checks on his bank accounts, the proceeds of which she had misappropriated and used for her own personal benefit; that appellant had forged his name to notes, and had concealed her defalcations by making false entries in his books and records. That upon the discovery of her forgery of the $59,000 note on December 10, 1946, she admitted having forged another note for $160,000, and admitted embezzling and misappropriating large sums of his funds, and expressed a desire to make restitution as far as she was able. That pursuant thereto she voluntarily signed the instruments sought to be set aside in this suit, and the statements attached to appellees' pleadings. Credit was given her for the amount of restitution and it was alleged that appellee was entitled to the difference between the amount of appellant's misappropriations less the amount of her restitution.

Appellee Heard further alleged that the said Agnes M. Corrigan, unknown to him and without his knowledge, consent or authority, drew checks on his bank accounts and appropriated the proceeds thereof to her own use and benefit, thereby embezzling, misappropriating and stealing from him the sum of $256,624.58. These pleadings stated a cause of action in behalf of appellee against appellant for "Money Had and Received." Bennett v. State, 124 Tex. Cr.R. 128, 60 S.W.2d 790; Floyd v. Patterson, 72 Tex. 202, 10 S.W. 526, 13 Am.St. Rep. 787; Gould v. Baker, 12 Tex.Civ.App. 669, 35 S.W. 708; Ingram v. Posey, Tex.Civ. App., 138 S.W. 421; Philips v. Wheeler, 10 Tex. 536; Rule 47, Texas Rules Civil Procedure; Stephenson v. State, 138 Tex.Cr. R. 384, 135 S.W.2d 1005; Stephens v. State, 49 Tex.Cr.R. 489, 93 S.W. 545; 5 Tex. Jur. 154, § 4; 29 Tex.Jur. 733, § 2, page

735, § 4, page 736, § 5; Cleveland v. San Antonio Building and Loan Association, Tex.Sup., 223 S.W.2d 226.

Accordingly, we overrule appellant's point No. 1, based upon assignments of error 1, 2, 3, 4, 5, 6, 7, 10 and 11.

Appellant's second point is as follows: "Evidence of related transactions between litigant and third parties are admissible when it tends to show an intention, plan or design, and tends to prove a material fact in issue in the case."

This point is said to be germane to assignment of error 8 and bill of exception No. 1.

 This point, while general in its nature, is in fact directed at the action of the court in excluding certain testimony of the witness Mickey Rodriguez, to the effect that William L. Leeds, an attorney for appellee Claude E. Heard, had called at the residence of herself and mother in Beeville, Texas, in company with another man, who was introduced to her and her mother as Mr. Betts, an agent of the F. B. I., and told them that he and his companion wished to search the premises, and that said Betts and Leeds did search the premises, remaining thereupon for approximately six hours, departing after midnight, and leaving their belongings in such a state of confusion as to require some three weeks to restore them to order. We are of the opinion that the trial court properly excluded this testimony, as it related to conversations and transactions among persons not parties to the suit. It is contended by appellant that this proffered testimony had for its purpose proof that transactions between Leeds and his companion and the witness Rodriguez, were a part of a plan, scheme or design being followed by them for the purpose of intimidating and coercing appellant, and that such intimidation and coercion had for its purpose the recovery of funds alleged to have been embezzled by appellant, and for the purpose of corroborating the testimony of appellant and appellant's mother to the effect that Leeds had represented his companion, Boling alias Betts, to be an agent of the F. B. I. We agree with the following contention made by appellees in their brief:

"Ordinarily, proof of other transactions between either of the parties to a suit and strangers, is within the rule of res inter alios acta, and inadmissible. Where intent, scienter or a state of mind is a material issue in the case, it is competent to resort to a showing of similar transactions to show a plan, scheme or design. Such evidence, however, when admitted at all, is competent only on the issue of intent, scienter or state of mind, and not for the purpose of proving that the act in question did occur. In other words, such evidence is not admissible for corroborative purposes, to prove the doing of the act in question, as appellant contends in her brief, but is admissible only when intent, scienter, or a state of mind is a material issue in the case, and then only for the limited purpose of proving such intent, scienter or state of mind. This type of evidence is frequently admissible in criminal cases to prove knowledge, intent, or a state of mind, because knowledge, intent, or a state of mind is nearly always a material issue in criminal cases.

"In the case at bar, even if it be conceded (which it is not) that Leeds did represent and introduce Betts to appellant and appellant's mother, and to the witness, Rodriguez, as a member of the F. B. I., prior to and during the search of appellant's house, and of said Rodriguez' house, it is unquestionably true that the intent, scienter, or state of mind of said Leeds and Betts was completely immaterial to any issue in this case.

"The real purpose of the excluded testimony of the witness, Rodriguez, was to corroborate appellant in her F. B. I. story. Indeed, it could not have been offered for any other purpose. Appellant's counsel stated that such testimony was offered for the purpose of showing a plan, scheme or design (i. e., a state of mind) and for the purpose of corroborating appellant and her mother. But since the state of mind of Leeds and Betts was not material, the only effect of the testimony would have been corroborative, and it was not admissible for such purpose.

"It is well settled that where duress is an issue, the intent of the person alleged to have exercised duress is completely im-

450

material. The sole question is as to the effect of the alleged act of duress on the person asserting duress. As stated in 15 Texas Jurisprudence, page 760—Duress—Sec. 2,

"'Duress, as the term is commonly· employed to describe the conduct of ' one whose liability is in question, signifies that in the premises he was coerced, compelled or forced to act against his will, and hence that responsibility is not predicable on his act.'"

 Here appellant, Agnes M. Corrigan, was seeking to set aside said instruments signed by her allegedly under duress. To support this contention of duress, she contended that an investigator employed by appellee, whose name was Boling, had been introduced to her as a Mr. Betts, a member of the F. B. I., and that by reason of this she had been frightened into signing the instruments. The intention of Leeds and Betts in frightening appellant into signing these instruments is immaterial, as the state of mind of the person causing the duress is unimportant, there being no question here of intent, scienter or state of mind. The fact that Leeds may have introduced his companion to someone else as an agent of the F. B. I. is immaterial. Blondeau v. Sommer, Tex.Civ.App., 99 S. W.2d 668, 671–672; Dwyer v. Bassett, Tex. Civ.App. 513, 21 S.W. 621; Lipsitz v. Prideaux, Tex.Civ.App., 266 S.W. 199; Lott v. Dashiell, Tex.Civ.App., 233 S.W. 1103, reversed on other grounds, Tex.Com.App., 243 S.W. 1072; Scales v. Lindsay, Tex. Civ.App., 43 S.W.2d 286; Stowe v. Wooten, Tex.Civ.App., 37 S.W.2d 1055, affirmed Tex.Com.App., 62 S.W.2d 67; 15 Tex.Jur. 760 § 2, page 761 § 3; Texas Osage Cooperative Royalty Pool v. Cruze, Tex.Civ. App., 191 S.W.2d 47; Van der Hoven v. Nette, 32 Tex. 183.

Appellant's third point is as follows: "When evidence tending to prove a material fact issue in the case is erroneously excluded, and opposing counsel in his argument to the jury comments upon the failure to produce such evidence, a reasonable doubt as to the harmful effects of such arguments will entitle the complaining party to a reversal as a matter of law."

This point is said to be germane to assignment of error No. 9 and bill of exception No. 2. In this bill of exception the appellant complains of the following argument to the jury made by Reese Wade of counsel for the appellee Claude E. Heard.

"Now, they try to wish off, in a desperate effort to support their duress, the FBI story. Then went into great detail. They mentioned somebody by the name of Edmonds. But there wasn't one word of testimony about who he was, where he was, or anything else. They even mentioned that this man Betts, who was a private investigator, went to three Corpus Christi banks, and they called the names of the banks down there and the men whom he had talked to.

"All right, then mentioned the bankers here, but, gentlemen, they didn't put one man on that stand that testified that Betts or Leeds represented Betts to be an FBI member.

"They asked George Atkins themselves whether or not he represented himself to be an FBI man, and he said, 'No, he told me he had formerly been with the FBI,' and then they questioned George Atkins right and left, and trying to intimate to you men that he had told them that before, but you know George Atkins and you know he was telling the truth. He has no interest in this case. And, therefore, that is the only testimony about the FBI except Agnes and Mrs. Corrigan. That is a desperate attempt to try to get some kind of support for their evidence of duress when they have no evidence upon which to base their claim of duress."

 We overrule this point, because it is apparent that at least a part of the argument was proper, and the objection having been made to the entire argument without pointing out the objectionable part, such objection was properly overruled. Holt v. Collins, Tex.Civ.App., 131 S.W.2d 813; James v. Flippen, Tex.Civ.App., 122 S.W. 2d 1090; Moore v. Parish, Tex.Civ.App., 70 S.W.2d 315; 9 Tex.Jur. Ten Year Supp. p. 268; 41 Tex.Jur. pp. 825–826; Williams v. Merchants Fast Motor Lines, Tex.Civ. App., 214 S.W.2d 307.

Appellant bases a large part of her argument under this point upon the contention

that the testimony offered by the witness Mickey Rodriguez, to the effect that Leeds introduced Betts as a member of the F.B.I. was improperly excluded. We have already overruled this contention. In the absence of a statement of facts we are unable to determine whether any of this argument was improper. It is quite probable that there was testimony in the record which would justify the argument.

Appellant's fourth point is as follows: "A judgment based on a verdict not in accord with the theory upon which findings were based, by reason of jury's unanimous mistake, should be reversed."

This point is said to be germane to assignments of error Nos. 13 and 14, and bill of exceptions No. 3. This point is based upon certain alleged misconduct of the jury. There is no overt act of the jury shown and there is no unanimous mistake shown. Commercial Standard Ins. Co. v. Moore, 144 Tex. 371, 190 S.W.2d 811. The complaint here made relates to the mental process used by the jury in arriving at the amount of the verdict rather than to any misconduct of the jury, and we overrule this point. Tumlinson v. San Antonio Brewing Assn., Tex.Civ.App., 170 S.W.2d 620; Glazer v. Woodward, Tex.Civ.App., 127 S.W.2d 938; Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028; Menefee v. Gulf C. & S. F. Ry. Co., Tex. Civ.App., 181 S.W.2d 287; Dallas Railway & Terminal Co. v. Bishop, Tex.Civ.App. 203 S.W.2d 651.

Accordingly, the judgment of the trial court will be in all things affirmed.