Hazel Lucile BOWDEN, Appellant,

v.

Alberta Chandler CALDRON, Appellee.

No. 8479.

Court of Civil Appeals of Texas, Texarkana.

July 12, 1977.

Rehearing Denied Aug. 9, 1977.

Dauphin Whitehead, Arlington, Don Stegall, Fort Worth, for appellant.

Milford Lee Hall, Bowie, for appellee.

CHADICK, Chief Justice.

This is an equitable adoption case. In the course of probate proceedings in the court below the appellant, Mrs. Hazel Lucile Bowden, claimed to be the adopted daughter and heir at law of Stella M. Whitley, deceased. The trial court disallowed the claim and on the basis of the jury's finding in response to special issues entered judgment that appellee, Mrs. Alberta Chandler Caldron, was the sole and only heir at law of such decedent. The judgment of the trial court is affirmed.

The jury found, in response to Special Issue No. 1, that at the time Appellant Bowden was a six week old infant Stella M. Whitley and her husband did not agree with Appellant Bowden's natural mother, Maude Franklin, to take the appellant into their home and adopt her as their own child. Additionally, the jury also found, in response to Special Issue No. 2, that Stella M. Whitley and her husband took Appellant Bowden into their home and "reared her as their own child, caring for her, clothing and educating her as their own child." And, in response to Special Issue No. 3, the jury found that Appellant Bowden rendered Stella Whitley and her husband the "love, obedience, affection and duties of a child from the time she was taken into their home."

The principle is established in Texas, and it is not challenged in this appeal, that an equitable adoption together with the rights appertaining to that status, will be

recognized when the promises, acts and conduct of intestate decedents indicate an attempt or agreement to adopt but efforts to that end are ineffective because of failure to comply strictly with statutory procedures, or an agreement to adopt is not performed through neglect or design. *Heien v. Crabtree,* 369 S.W.2d 28 (Tex. 1963); *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972 (1951); *Cubley v. Barbee,* 123 Tex. 411, 73 S.W.2d 72 (1934); *Jones v. Guy,* 135 Tex. 398, 143 S.W.2d 906 (1940); see generally L. M. Simpkins, 2 Texas Family Law, Sec. 14:6 (Speer's 5th Ed. 1976); 1 Tex.Jur.2d, Adoptions, Sec. 77; 15 Baylor L.Rev. 162 (1963); and Bailey, Adoption "By Estoppel", 36 Texas L.Rev. 30 (1957). The jury found no agreement to adopt and there is no contention that a statutory adoption was undertaken.

■ The trial court correctly grounded judgment upon the jury's answer to Special Issue No. 1. The appellant contends the jury's answer to Special Issue No. 1 is against the great weight and preponderance of the evidence. No direct evidence of an agreement to adopt was admitted by the trial court. The appellant produced testimony that she was not the natural child of Stella M. Whitley and her husband, but that she was reared by them and was treated and acted as their child and gave and received love and care. The jury finding of no agreement to adopt is not contrary to the great weight and preponderance of such evidence.

On direct examination Mrs. Edna Patton, a witness tendered by Mrs. Bowden, was asked if there was an " . . . agreement to take Mrs. Bowden to be the child of the Whitleys . . . " between Mrs. Bowden's natural mother and the Whitleys. The witness replied, "Yes, I know she was accepted with them and that they accepted her . . . as their own." Cross-examination developed that the witness was within a few months of being the same age as Mrs. Bowden and her knowledge of an agreement by the Whitleys to adopt Mrs. Bowden came from overhearing a statement to that effect by Mrs. Patton's moth-

er. The trial judge withdrew the witness's testimony of an agreement to adopt from the jury. Another witness testified the Whitleys treated Mrs. Bowden as their own child and still others testified they knew or had heard Mrs. Bowden was an adopted child. The trial judge refused to admit such testimony for jury consideration.

■ Mrs. Patton's direct testimony that an agreement to adopt was made constituted hearsay and the testimony of other witnesses that they knew or had heard that Mrs. Bowden was adopted by the Whitleys was a mixture of conclusions and hearsay. Such testimony was properly excluded. McCormick & Ray, Texas Evidence, Secs. 781 and 1391 (2nd Ed. 1956). However, Mrs. Patton's testimony that Mrs. Bowden, as an infant, was accepted by the Whitleys as their own, etc., and similar excluded evidence of another witness was admissible as a circumstance to prove an agreement to adopt but it was merely cumulative of other substantial evidence of the same nature admitted upon the same issue. Under such circumstance, error in the exclusion of this evidence was harmless. *Sherwood v. Medical & Surgical Group,* 334 S.W.2d 520 (Tex. Civ.App. Waco 1960, writ ref'd); 4 Tex. Jur.2d, Rev., Part 2, Appeal and Error—Civil Cases, Sec. 854 (1974). The probative value, or lack of it, of evidence similar to that excluded is discussed in *Moorman v. Hunnicutt,* 325 S.W.2d 941 (Tex.Civ.App. Austin 1959, writ ref'd n. r. e.).

■ In connection with the exclusion question discussed, appellant asserts that the trial court erroneously refused to allow Mrs. Bowden to be interrogated about or explain why no formal adoption was accomplished. The court based its ruling on Tex. Rev.Civ.Stat. art. 3716, the dead man statute. No bill of exception was made or the excluded evidence otherwise brought forward. To preserve error, the record must show what the proffered evidence is or what the expected answer of the witness would have been by a bill of exception or the statement of facts. The record does not disclose error. *Sims v. Duncan,* 195 S.W.2d 156 (Tex.Civ.App. Galveston 1946, writ ref'd

n. r. e.); *Corrigan v. Heard*, 225 S.W.2d 446 (Tex.Civ.App. San Antonio 1949, writ ref'd n. r. e.); *Johnson v. Poe*, 210 S.W.2d 264 (Tex.Civ.App. Galveston 1948, writ ref'd n. r. e.); 4 Tex.Jur.2d, Rev., Part 1, Appeal and Error—Civil Cases, Sec. 475 (1974). Appellant's Point of Error No. 2 is overruled.

Appellee's Exhibits No. 10, No. 11 and No. 12 were admitted into evidence over objection of appellant. Exhibit No. 10 is a plaintiff's petition filed in a suit against the decedent, Stella M. Whitley. The instrument identifies Mrs. Whitley as "the surviving wife and only heir at law of E. W. Whitley." Exhibit No. 11 is an affidavit of heirship by E. W. Whitley, husband of Stella M. Whitley, made subsequent to the death of this couple's only natural child. It refers to the deceased child and states, "that deceased had no brother or sister." Exhibit No. 12 is a quitclaim deed by Mrs. Whitley which begins, "That I, Stella Whitley, surviving wife and only heir at law of E. W. Whitley . . . ".

Exhibits 11 and 12 contain statements of family history or pedigree. Statements such as those noted are admissible as exceptions to the general rule against hearsay. Family history and pedigree are admissible when made by a blood relative having knowledge of the facts, but who is dead or otherwise unavailable at the time of trial. *Goldman v. Campbell*, 249 S.W.2d 633 (Tex.Civ.App. Forth Worth 1952, writ ref'd n. r. e.); *Burrell v. Westbrook*, 163 S.W.2d 695 (Tex.Civ.App. Amarillo 1942, writ ref'd w. o. m.); McCormick & Ray, Texas Evidence, Sec. 1341 (2nd Ed. 1956), et seq. Exhibit No. 10 pertained to extraneous matters and was not admissible under any exception to the hearsay rule. Its admission into evidence was error. But when the record as a whole is considered it does not appear that such error was calculated to or did cause the rendition of an improper judgment. Error in the admission of Exhibit No. 10 is harmless.

All points of error have been considered. Reversible error is not shown. Accordingly, the judgment of the trial court is affirmed.