**Albert LOPEZ, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES and Rose Marie Ramos, Appellees.**

**No. 2401cv.**

Court of Appeals of Texas, Corpus Christi.

April 1, 1982.

Rehearing Denied April 15, 1982.

J. Manuel Banales, Corpus Christi, for appellant.

Michael Ryan, Corpus Christi, for appellees.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is a paternity case. After a trial to a jury, the trial court rendered judgment that Albert Lopez, appellant, was the father of the child, Catherine Ramos, who was born on January 13, 1973. Appellant timely perfected his appeal and brings forth two points of error.

The petition was filed on April 30, 1980. Appellant's plea of limitations was overruled on June 2, 1981. Trial on the merits

was held on June 4, 1981. Judgment was signed on September 1, 1981.

The facts of this case are not complicated. Rose Marie Ramos, the mother of Catherine Ramos, testified that on the evening of June 10, 1972, she went to a nightclub in Corpus Christi, Texas. After the club closed, she accepted an invitation for a ride home from Albert Lopez, a musician who had played at the club that night. Instead of taking Ms. Ramos home, Lopez provided a detour and after pretending to be lost, parked the car and forced Ms. Ramos to have sexual intercourse with him. She became pregnant and Catherine Ramos was born.

Albert Lopez denies ever going out with Rose Ramos or ever having sexual intercourse with her.

Appellant's first point of error states that the trial court erred in denying appellant's motion for mistrial made after appellee's attorney inquired of appellant whether he was aware of another paternity suit filed against him. The trial court sustained an objection to the question and directed the jury to disregard the question. Appellant contends that this question was so harmful and prejudicial in light of the nature of the case that the instruction to disregard could not cure the error. We disagree.

■ The test of whether a reversal is justified because of claimed error is whether the error amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; *Ramirez v. Wood*, 577 S.W.2d 278 (Tex.Civ. App.—Corpus Christi 1978, no writ). In the case at bar, the appellant, immediately after the objection was made, answered the question in the negative. The court then excused the jury, and the attorneys presented their arguments on the objection. After the jury was returned, the court overruled the appellant's motion for a mistrial and instructed the jurors to disregard the question. We approve the rulings of the trial court and hold that even if they were incorrect there is no showing that the question

asked by the attorney for the appellee was reasonably calculated to cause or did cause the rendition of an improper judgment. *Flatt v. Hill*, 379 S.W.2d 926 (Tex.Civ.App. —Dallas 1964, writ ref'd n.r.e.). Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in not allowing a third party, Joe Ray Ramos, to testify as to the identity of the father of Catherine Ramos. The pertinent questions to Joe Ray Ramos and objections were as follows:

"Q. Do you know of any man who has admitted being the father of Catherine Ramos?

A. Yes, sir.

Mr. Ryan: Your Honor, I object as hearsay.

Court: Sustained.

\* \* \* \* \* \*

Q. Do you know who, in fact, is the father?

Mr. Ryan: I object to that, it being derived from hearsay. Counsel is just trying to get it in another way."

Appellant asserts that Ramos should have been allowed to testify because his testimony was admissible under an exception to the hearsay rule regarding declarations and statements concerning pedigree and family history. Even if this hearsay exception is applicable, appellant failed to show that the declarant was dead or otherwise unavailable. *Bowden v. Caldron*, 554 S.W.2d 25 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.).

In addition, essentially the same testimony was elicited from the appellant himself on direct examination. On direct examination of Albert Lopez, the following questions and answers were allowed:

"Q. All right. Do you know of any men, of any other people who have admitted being the father of Catherine Ramos?

A. Yes, I just found out.

Q. All right, who is that?

A. Carlos Chapa.

Mr. Ryan: Objection to hearsay again.

Court: Sustained."

There was no further request for an instruction to the jury on this testimony. We hold that the trial court did not commit reversible error in not allowing Joe Ray Ramos to testify concerning who the father of Catherine Ramos was. Appellant's second point of error is overruled.

All points of error have been considered. Reversible error is not shown. Accordingly, the judgment of the trial court is AFFIRMED.